## JACOB BENTON, v. THOMAS G. BEATTIE.

*Master and servant. Trespass quare clausum. New count in tro-
ver. Damages. New ground of exception in Supreme Court.*

1. Where the defendant contracted with H. to cut and haul the lumber
   upon certain of his, the defendant's lands, and H. in the execution of
   this contract cut over the line onto the plaintiff's land, the defend-
   ant is not liable for the trespass, it not appearing that he knew of it
   or was negligent in respect thereto.  ·
2. Nor would the taking and retention by the defendant of the lumber so
   cut amount to a ratification of the trespasses, unless it was also
   found that he knew of them at the time.
3. The original declaration was in trespass *quare clausum.* During the
   trial, which was by court, the plaintiff was allowed to file a new
   count in trover alleging that he was at Maidstone possessed of cer-
   tain trees, which had theretofore been cut and were then lying upon
   the plaintiff's land. The plaintiff claimed to recover for the tres-
   passes of the defendant upon various closes and among others upon
   certain lots in Maidstone. The court below found that the defendant
   himself had committed the trespasses upon the other lands, but that
   the trespasses upon the Maidstone lands had been committed by H.
   in the execution of his contract; and that the defendant had
   received and had the benefit of the lumber so cut by H. The judg-
   ment below included as damages the value of the timber so cut by H.
   *Held,* correct, and *dictum* that the defendant would be liable for the
   value of such timber upon the count in trespass.
4. The defendant objected below to the filing of the new count for several
   reasons, which he specified, but not for the reason that it did not
   appear that it was for the same cause of action. *Held,* that that
   ground of exception would not be considered in the Supreme Court.

Trespass *quare clausum fregit.* Trial by court at the
September term, 1889, Essex county, Taft, J., presiding. Judg-
ment for the plaintiff. The defendant excepts.

The original declaration did not specify any particular lots,
but named generally the plaintiff's lands in Maidstone and Fer-

dinand.   The case was entered at the March term, 1888, and continued.   Before the following September term the defendant had been adjudged an insolvent, and one Cochran appointed his assignee, who as such assignee appeared and defended this suit.

At the September term, 1888, the plaintiff was directed to specify those lots upon which he claimed trespasses, and thereupon named certain lots in Ferdinand, and also 20, 21, 22, 23, 24, 55, 56, and 58 in Maidstone.   The court below found that the defendant had trespassed upon the plaintiff's lands in Ferdinand and assessed the damages.   It also found that he had trespassed upon lots No. 55, 56 and 58 in Maidstone, and assessed the damages.   With reference to the alleged trespasses upon lots No. 20, 21, 22, 23 and 24 in Maidstone, it found that the defendant contracted with one Hawthorn to cut and haul to the river the timber upon certain lands in the town of Brunswick, and that in the execution of this contract Hawthorn and his men cut over the town line and onto the land of the plaintiff; that the defendant had no knowledge of such cutting and gave no consent thereto and was not negligent in respect to such cutting; that all the timber so cut went into the possession and control of the defendant and was disposed of by him.   The court found the value of the timber so cut to be $450.31, and included that sum as damages in its judgment.

No copy of the contract with Hawthorn was furnished the reporter, but the exceptions contained the following statement in reference to it:   "It appeared, and was uncontradicted, that Hawthorn had a written contract to log certain lots in Brunswick belonging to defendant, that defendant pointed out the town line to Hawthorn, that the line was a plain one, that the defendant had no control over the workmen employed by Hawthorn; contract referred to."

At the close of the evidence the plaintiff asked leave to file new counts in trover.   The following is the language of the bill of exceptions as to what occurred:

"At the close of the evidence on Saturday afternoon, the plaintiff asked leave to file new counts in trover. Same are referred to.

"The defendant objected, saying to the court that knowing what the law was as to Hawthorn's cutting, the counsel had not examined the plaintiff's title as to these lots on Brunswick town line, or the value, etc., of the stumpage; that the measure of the plaintiff's recovery was different in the action of trespass, q. c. f. and trover and claimed that the court could not properly allow the new counts to be filed as to the town line lots, in any event, that by the new counts the plaintiff would increase his recovery.

"The court on Monday morning ruled that it would allow the new counts to be filed, provided the plaintiff would not claim to recover more damages than he could claim under the trespass q. c. f. counts, and when the plaintiff assented to this the court permitted the plaintiff to file the new counts. To which ruling the defendant excepted."

The defendant took numerous exceptions during the progress of the trial, and to the judgment, but the only one insisted upon was as to the action of the court in including in the judgment the value of the timber cut by Hawthorn.

The following was the material part of the count in trover:

"On the 1st day of December, 1882, at Maidstone, the plaintiff was possessed of 7500 spruce trees and 1000 fir trees which had been theretofore cut and were then lying on the plaintiff's land. * * * But the defendant well knowing * * * converted the same to his own use, which trees are a part of the same trees mentioned in the first three counts of said declaration as having been cut down by the defendant on lots numbered 19, 20, 21, 22, 23, 24, in said Maidstone."

*Bates & May* and *Smith & Sloane* for the defendant.

This suit was begun before adjudication of insolvency. Hence, the assignee stands like a subsequent attaching creditor.

Under the statute, as settled by decisions of this court, the assignee stands as to the property attached on the writ in this suit, like a subsequent attaching creditor.

No recovery could be had in an action *quare clausum* for

the acts of Hawthorn and his men. They-were not the servants of the defendant, and he had no control whatever over them.

Wood's Mas. & Ser., 313.

The new count in trover was improperly filed. It did not appear that it was for the same cause of action.

In the case of *Templeton* v. *Clogston,* 59 Vt. 628, substantially such counts were held to be a mis-joinder.

This amendment affects the right of the assignee, for it really makes a new suit of it and permits a recovery which could not otherwise be had. An amendment will not be allowed when it increases the liability of bail, receiptor, subsequent attaching creditor, or *bona fide* purchaser. *Wright* v. *Brownell,* 6 Vt. 435; *Pond* v. *Campbell,* 56 Vt. 674; *Austin* v. *Burlington,* 34 Vt. 506; *Drake Attach.* 285.

The statute does not permit the adding of a new count in trover, but simply the joinder of one in the first instance. To permit the introduction of such a count is in effect to begin a new suit.

The first case under the act of 1856, sec. 912, was in 32 Vt. 86, decided in 1859. Then follow *Alger* v. *Murry,* 38 Vt. 382, (1866) where trespass and trover; *Hager* v. *Brainerd,* 44 Vt. 294, (1872) where trespass and case; *Black* v. *Howard,* 50 Vt. 27, (1877) where trespass and case; *French* v. *Holt,* 57 Vt. 187, (1884) where trespass and case, and *Templeton* v. *Clogston,* 59 Vt. (1887) where trespass and trover were originally joined. In no case were there new counts added.

The defendant's attorneys were unexpectedly called upon during the trial to defend another cause of action. The action of the court in allowing the amendment was not the exercise of a sound legal discretion.

*McDonald* v. *Tinkham,* 33 Vt. 615; 2 Am. Dec. 417, 7 Ed. Gould. Pl. 719.

*Ide* and *Quimby,* for the plaintiff.

The filing of the new count in trover was proper. So far as it was a matter of discretion the action of the court is not revisable here. The defendant is not harmed. The plaintiff recovered nothing but what he was entitled to, and nothing but what he might have recovered if his declaration had been properly framed at first. The object of every amendment is to permit a recovery which could not otherwise be had. *Skinner* v. *Grant*, 12 Vt. 456; *Boyd* v. *Bartlett*, 36 Vt. 14; *Dana* v. *McClure*, 39 Vt. 197. A count in trover might under the statute, have been joined in the first instance with the counts in trespass *quare clausum*. *Hager* v. *Brainerd*, 44 Vt. 294; *Black* v. *Howard*, 50 Vt. 27.

The plaintiff does not need the new count and can recover for the timber cut by Hawthorn without it. A man must see that what is done upon and about his real estate is done in such a manner as not to injure others, whether it is done under contract or otherwise. *Laugher* v. *Pointer*, 5 Bar. & Cress. 547; *Bush* v. *Steinman*, 1 Bos. & Pul. 404; *Stone* v. *R. R. Co.*, 19, N. H. 427; *Stearns* v. *R. R. Co.*, 46 Me. 95; *Gardner* v. *Heartt*, 2 Barb. 165; *Lowell*, v. *R. R. Co.*, 23 Pick 24; 1 Amer. Lead. Cas. 784; *Mathews* v. *Water Co.*, 3 Camp. 403; *Sturges* v. *Theological Society*, 130 Mass. 414.

Moreover, in this case the defendant had the benefit of the trespasses, which distinguishes it from those cases cited by his counsel. *Coal Co.* v. *McCullough*, 59 Md. 403; Story Agency, Sec. 455.

The opinion of the court was delivered by

ROSS, J. This case comes from a trial by the County Court under No. 56 of the laws of 1888. This requires that " the facts found by the court upon which judgment is rendered shall be reduced to writing and signed by a majority of the members of the court and filed with the clerk. And no other or different facts of issue in said cause so tried shall be allowed in

the bill of exceptions filed in said cause, except such as relate to the admission or rejection of evidence."

A statement of facts was made in writing agreeably to this act. Many exceptions were taken by the defendant during the trial. He now only insists upon his exceptions to having included in the damages the value of the lumber cut and taken from lots Nos. 20, 21, 22, 23 and 24 in Maidstone. The action is trespass *quare clausum fregit* for cutting, carrying away, and converting to his own use, trees and lumber from these and other lots belonging to the plaintiff. All that the statement of facts contains, except in regard to the amount of damage, with reference to which no question is raised, is the following:

"In October, 1886, the defendant made a written contract with one David Hawthorn (defendant's exhibit No. 5). This contract related to the cutting of timber upon the defendant's lots of land therein mentioned, in the town of Brunswick, and in cutting the timber upon said lots Hawthorn's workmen cut over upon the plaintiff's lots of land in Maidstone, Nos. 20, 21, 22, 23, 24, and cut thereon 180,125 feet of spruce and fir timber, of the value of $450.31, between the date of said contract and the first day of May, 1887. Such cutting was done under said contract with said Hawthorn. The defendant did not have knowledge of such cutting, and gave no consent thereto, and was not negligent in respect to such cutting." * * * "And all the timber that was cut under the Hawthorn contract, and that cut by the defendant's servants and workmen went into the possession and control of the defendant, and he disposed of the same."

By a subsequent statement exhibit No. 5 is made a part of the statement, and all other exhibits. Among the others, was a plan of the different lots upon which trespasses were claimed. The contract with Hawthorn required him to deliver the timber cut upon Paul stream. The plan referred to, shows one or more of the plaintiff's lots included in his declaration on Paul stream. The defendant also had lots on this stream. The plan has two or more places, on this stream, marked "landing." But neither the contract, plan, nor statement of facts, show where on Paul stream Hawthorn was required to, or did land the timber taken from

these lots: whether on the plaintiff's lot, included in his declaration, or on some other lot. Nor do either of them show when the defendant took the timber cut on these lots by Hawthorn into his possession. On the trial the defendant contended that he should not be holden for the cutting done by Hawthorn's men. The plaintiff had leave to file a new count in trover against defendant's exception. This new count in trover declares for "7,500 spruce trees and 1,000 fir trees which had been theretofore cut and were then lying on the plaintiff's land, which trees are a part of the same trees mentioned in the first three counts of said declaration as having been cut down by the defendant on lots numbered 19, 20, 21, 22, 23, 24, etc., in said Maidstone."

The court rendered judgment for the plaintiff to recover for the trees cut by Hawthorn on lots numbered 20, 21, 22, 23 and 24, in Maidstone and subsequently taken by the defendant. The defendant excepted to the judgment. The defendant now contends, that upon these facts no recovery for the timber cut by Hawthorn on these lots could legally be had for the plaintiff on the counts in trespass; that the count in trover was erroneously allowed to be filed, and no recovery could be legally had on this count. In considering their contentions, the judgment is presumed to be correct unless, by some fact placed properly upon the record, it is shown to be erroneous. If any statement in the exceptions tends to, or does vary the facts placed on record in accordance with the law of 1888. we have no right to, and have not considered it. Hawthorn's contract was to cut and draw lumber from the defendant's lots in Brunswick. He had entire control of his men in performing this contract. In performing the contract, without the defendant's knowledge or negligence, he went over the town line upon the lots of the plaintiff and there cut and drew away this lumber. For these acts of Hawthorn and his men, which were outside of his contract with the defendant, and which were done without the defendant's knowledge or neglect, the defendant cannot be made liable. In the

commission of these acts the defendant did not sustain the relation of master to Hawthorn or his men. *Pawlet* v. *Rut. & Wash. R. R. Co.*, 28 Vt. 297; *Bailey* v. *Troy & Boston R. R. Co.*, 57 Vt. 252; *Palmer & Wife* v. *Village of St. Albans*, 60 Vt. 427.

Neither by taking the lumber they had cut and drawn away did the defendant ratify these trespasses of Hawthorn and his men, because it is not found that he knew of them. *Saville, Somes & Co.* v. *Jacob C. Welch*, 58 Vt. 683. But the defendant took the lumber wrongfully cut and drawn away, from some place, and converted it to his own use. The place from which he took it is not specified in the statement of facts, found by the court. But each count in trespass, and the count in trover, charge that the defendant took the timber from the plaintiff's lots specified. No judgment could regularly be rendered against the defendant upon the counts in trespass, or the count in trover, without showing that the defendant took this lumber which had been wrongfully cut by Hawthorn and his men, by himself and his servants, from some of the plaintiff's lots specified in his declaration. If the description of the personal property asported or converted, in an action of trespass or trover, is general and may apply as well to the same kind and quantity of property wherever located, and the pleader to define and limit his general description, locates the property as lying upon his own land, or as being in his own house, he thereby makes the place where the property is located a material part of his description, because it helps to identify the particular property claimed by the plaintiff, and to distinguish it from other like property, not claimed by him because differently located. The pleader, by giving such property a definite location, confines himself in his proof to property thus located. While the plaintiff's right of recovery might not necessarily require him to locate the property in a particular place; when he has done so it becomes a material

13

part or the description of the property claimed, and he does not call upon the defendant to contest his rights to other property answering to the general description, but differently located. 1 Chitty's Pl. 385, 395. The general description of the property sued for in the counts in trover, being a certain number of spruce and fir logs, could be answered by that amount and kind of property wherever located, but the plaintiff by adding "which had been cut theretofore and were lying on the plaintiff's land," confined the issue to such logs, answering the general description, as were lying upon his land. Under this count the plaintiff did not sue for, and could not regularly go into proof in regard to spruce and fir logs belonging to him lying elsewhere than upon his own land. It is not to be assumed that the defendant waived any of his rights, and allowed the plaintiff to prove title to and recover for this kind of property located differently than laid in his declaration. With nothing found to the contrary, we must presume that the proceedings were regular and therefore that the defendant took this lumber from some of the plaintiff's lots named in his declaration. As contended by the defendant in the action of trespass q. c. f., the breaking and entering is the gist; the cutting of the trees and carrying them away only aggravate the damages occasioned by the wrongful breaking and entering. But it is not required that the plaintiff should show all the aggravating circumstances laid in his declaration. He could recover for the lumber taken and converted, in aggravation of the defendant's wrongful entry upon any of the lots named in the declaration, although he failed to show that the defendant wrongfully cut the lumber; and it is found that Hawthorn and his men only are responsible for the wrongful cutting. Hence, on the facts found the defendant is liable for the value of this lumber, at the price found by the County Court, in damages on the counts in trespass *quare clausum fregit.* The judgment of the County Court seems to have been upon the counts in trespass. The exceptions state, "The case

was tried upon the general issue and judgment was rendered to recover for trespasses upon lots 20, 21, 22, 23, 24, 55, 56 and 58, in Maidstone."

Nor do the exceptions fairly raise the contention now made by the defendant's counsel, that the counts in trover are for a *different cause of action* than the cause declared for in the counts in trespass. When the plaintiff asked leave to file new counts in trover, the defendant's objections were specific, and none of them raise this contention. His objections were that, knowing the law, he had not looked up "the plaintiff's title to these lots on Brunswick town line, or the value of the stumpage; that the measure of the plaintiff's recovery was different in the action of trespass q. c. f. and trover, and claimed that the court could not properly allow the new counts to be filed as to the town line lots in any event, that by the new counts the plaintiff would increase his recovery." There are no facts stated to support the defendant's first objection, that he had not examined the plaintiff's title to these lots or the value of the stumpage, nor any that would excuse him for neglecting to do so. This objection, to avail, should have some basis to stand upon. If it placed him at a disadvantage, it is to be presumed the County Court would have so certified, or have furnished him further opportunity to examine and produce evidence. The last objection, that the plaintiff would thereby increase his recovery, the court met by confining the plaintiff's damages to the same rule which would govern under the counts in trespass. Hence, this exception cannot be sustained on either ground on which the defendant then placed it. It would be unfair to the court and the plaintiff, to allow him now to add to the objections then made. This court sits for the correction of errors committed by the trial court, and for the correction of those only. That court was not called upon to and did not pass upon any objections other than those then made to the allowance of the new counts in trover. Whether the allowance of the new counts presented a cause of action other than the ones embraced

in the counts in trespass, was not considered by the trial court, nor do we consider it.

*The judgment of the County Court is affirmed.*

Rowell, J. concurs in the result.