PELEG A. SANFORD vs. PAWTUCKET STREET RAILWAY
COMPANY.

The charter of a street railway company imposed upon the corporation the duty of putting the streets and highways in which it shall lay any rails, in as good condition as they were and of keeping in repair such portions of the streets as shall be occupied by its tracks, and made it liable for any loss or injury that any person should sustain by reason of any negligence or misconduct of its agents and servants in the management, construction or use of said tracks or streets.

*Held*, that where the corporation had contracted with an independent contractor not residing in this State for the construction of its road, over whom and over whose agents and servants it had no control, the corporation was not liable under the provisions of its charter for an injury sustained by a traveler on a public highway in consequence of the negligence of the contractor or his workmen in erecting and maintaining a rope or wire across the highway in the course of the work of construction.

TRESPASS ON THE CASE.  Certified from the Common Pleas Division on demurrer to a plea in bar.

*July* 11, 1896.  TILLINGHAST, J.  The first count in the declaration alleges that the defendant corporation, by its agents and servants, negligently, carelessly and wrongfully placed and stretched, and negligently and wrongfully maintained a rope or wire across Lonsdale avenue, a public highway in the city of Pawtucket, whereby said highway was rendered dangerous to travelers in carriages, and that the plaintiff, while riding along said highway in a carriage, in the exercise of due care, was caught by said rope or wire and thrown to the ground, receiving serious bodily injury.

The second count alleges that the defendant is a corporation, incorporated by the General Assembly of the State, and that in the charter it is provided that the defendant shall be liable for any loss or injury that any person shall sustain by reason of any carelessness, neglect or misconduct of its agents or servants, in the construction, management or use of its tracks, or of the streets where its tracks are laid ; that the defendant entrusted the construction of its road, under a contract made by said defendant with certain contractors not residing in the State, to said contractors, and that the latter, in the process of such construction, on to wit, the third day of December, 1891, at said Pawtucket, negligently and care-

lessly placed and maintained a rope or wire across said Lonsdale avenue, in such a manner as to render said highway dangerous to travelers in carriages, whereby the plaintiff, on to wit, said third day of December, 1891, who was then and there riding in a carriage along said public highway, in the exercise of due care, was caught by said rope or wire, thrown to the ground and seriously injured, &c.

To the first count of this declaration the defendant has filed a plea of not guilty. To the second count the defendant has filed a special plea in bar, setting up that the acts and deeds complained of therein were not the acts and deeds of the said defendant corporation, nor the acts and deeds of any of its servants or agents, but were the acts and deeds of an independent contractor over whom, and over whose agents and servants, said defendant corporation had no management, care or control ; and also setting up that the said defendant corporation had no notice whatever of the alleged wrongful acts of said independent contractor, and that said wrongful acts did not continue for a sufficient length of time to impute notice thereof to the said defendant corporation.

To this special plea in bar the plaintiff has demurred, on the grounds, (1) that the fact that the work was done by an independent contractor, as set forth in said plea, does not constitute a valid defence to the plaintiff's cause of action ; (2) that the lack of notice to the defendant, as set forth in said special plea, does not constitute a valid defence to the plaintiff's cause of action ; and (3) that said facts in regard to the work being performed by an independent contractor and said want of notice, as set forth in said plea, do not together constitute a valid defence to the plaintiff's cause of action.

The only question before us for decision, therefore, is as to the sufficiency of said special plea in bar. The plaintiff admits at the outset that the law, as stated by the court in *Williams* v. *Tripp*, 11 R. I. 454, is correct, viz., that "When a person has work done for him under contract, without reserving to himself any direct control of the contractor or of his men, there is no relation of principal and agent or of

master and servant between him and them, and consequently no such liability for their torts and negligence as is incident to that relation." But he contends that to this well recognized rule there is one equally well recognized exception, and that is that no one can escape from the burden of an obligation imposed upon him by law by the engaging for its performance by a contractor. In view of this contention, it becomes necessary to ascertain precisely what obligation was imposed by law upon the defendant corporation regarding the construction of its road. Under the provisions of section 3 of its charter, the duties devolved upon the corporation are these, viz., that it must put the streets and highways, in which it shall lay any rails, in as good condition as they were, and keep in repair such portions of the streets as shall be occupied by its tracks ; and it is made liable for any loss or injury that any person shall sustain by reason of any carelessness, neglect or misconduct of its agents and servants in the management, construction or use of said tracks or streets. Of course the defendant cannot discharge itself from its statutory obligations by engaging for their performance by another. This is to say, it is bound, at its peril, to put the streets in which it shall lay any rails in as good condition as they were before, and to keep in repair such portions of the streets as shall be occupied by its tracks ; and hence, if it should contract with a third person to do this work, and this third person should fail to do it, the defendant would doubtless be liable. *Hole* v. *Sittingbourne, etc., Ry. Co.,* L. J. Exch. 81; 6 H. & N. 488. But such is not the case before us. Here the case shows, not that the defendant failed to perform its said statutory duty, but that an independent contractor, in constructing the road,—a thing which the defendant had the right to do itself, but was under no obligation to do,—was guilty of negligence. This negligence, however, cannot be imputed to the defendant, as the relation of master and servant was not created by the contract between the parties. The defendant had no control either of the work or of the workmen employed to perform it. It merely prescribed the end to be accomplished, and contracted with another to ac-

complish that end by such means as the latter might in his discretion employ. And hence, as to the means employed, the contractor was not a servant or agent of the defendant, but himself a master; and for any negligence in connection therewith he alone is liable. The defendant made no agreement with the contractor as to the particular manner in which the road should be constructed or the trolley wire erected. That is to say, the defendant did not authorize the contractor to place, stretch or maintain a wire or rope across the street, in the manner complained of. He was simply authorized to construct the road, thus leaving the manner of doing the same to his skill and judgment. Moreover, the work authorized to be done was not in itself a nuisance, nor was it necessarily dangerous or injurious. It was authorized by law. The manner in which it was done was the sole cause of the injury complained of. Hence, the obstruction or defect created in the street was purely collateral to the work contracted to be done, and was entirely the result of the wrongful or careless acts of the contractor or his workmen; and in such case it is well settled that the employer is not liable. *Robbins* v. *Chicago*, 4 Wall. 657. It is to be observed, also, that the defendant not only did not authorize the obstruction complained of, but had no notice thereof either express or implied.

Had the obstruction resulted directly from the act which the contractor agreed and was authorized to do, then both the defendant and the contractor would have been equally liable to the injured party. *St. Paul Water Co.* v. *Ware*, 16 Wall. 566; *Carman* v. *Steubenville, etc., R. R. Co.*, 4 Ohio St. 399. This principal is well illustrated in *Ellis* v. *Sheffield Gas Consumers' Co.*, 2 E. & B. 767. There the defendant made a contract with Watson Bros. to open trenches along the streets of Sheffield, in order that defendant might lay gas pipes therein, and afterwards to fill up the trenches and make good the surface with flagging. Watson Bros., by their servants, opened the trenches along one of the streets in question, and after the pipes were laid proceeded to fill up said trenches and restore the flagging.

In doing so, however, they carelessly left a heap of stones and earth upon the foot way ; and the plaintiff, passing along the street, fell over the same and was injured. Neither the defendant nor Watson Bros. had any legal excuse for breaking open the street in the manner described, which was a public nuisance. In a suit against the gas company to recover for the injury sustained, the court held that the cause of the accident was the very thing done in pursuance of the specific directions of the defendant contained in their contract, and not the negligence of those doing the thing, and hence the defendant was liable.

*Pawlet* v. *Rutland, etc., R. R. Co.*, 28 Vt. 297, is strongly in point. In that case the defendant had made a contract with Page & Eastman to build a section of its road. Page & Eastman underlet a job of building the abutments of a bridge to one Chandler who, with his own men, built the abutments ; and the obstruction in the highway which caused the injury to the plaintiff was the act of Chandler's employees in drawing the stone for the abutment. The court held that, as the act contracted to be done was a lawful one and in no way involved the commission of a public nuisance, and that as it had become such purely from the neglect of the person who had contracted to do the job, the latter *alone* was liable for the damage occasioned.

To the same effect are *Pack* v. *Mayor of New York*, 4 Selden, 222 ; *Hole* v. *Sittingbourne, etc., Ry. Co., supra;* *Peachey* v. *Rowland*, 13 C. B. 182 ; *Hillard* v. *Richardson*, 3 Gray, 349 ; *Bailey* v. *Troy, etc., R. R. Co.*, 57 Vt. 252 ; *Storrs* v. *Utica*, 17 N. Y. 104 ; *Hughes* v. *Cincinnati, etc., Ry. Co.*, 39 Ohio St. 461 ; and numerous other cases which might be cited.

Again, the principle that a railroad company cannot delegate to a contractor its chartered rights and privileges, so as to exempt it from liability, does not " extend to the use of the ordinary means employed for the construction of the roads but to the use of such extraordinary powers as the corporation itself could not exercise without first having complied with the conditions of legislative grant." In other

words :   Where the wrong and injury for which the action is brought were committed in the performance of acts by virtue of the authority of the corporation derived from its charter, and could have been performed in no other way, then the party injured has the right to hold the corporation responsible, "because it is really the corporation that is act- ing." *West* v. *St. Louis, etc., R. R. Co.*, 63 Ill. 545 ; *Cunningham* v. *International R. R. Co.*, 51 Tex. 503 ; *Kansas Central Ry. Co.* v. *Fitzsimmons*, 18 Kans. 34 ; *Eaton* v. *European, etc., Ry. Co.*, 59 Me. 520 ; *Callahan* v. *Burlington, etc., R. R. Co.*, 23 Iowa, 562.

This doctrine is well illustrated in the case of *Richards* v. *Florence R. R. Co.*, 31 S. C. 378, cited by defendant's counsel.   The statute of that State makes a railroad company "responsible in damages to any person or corporation whose buildings or other property may be injured by fire . . . . . . originating within the limits of the right of way of such road, in consequence of the act of any of its agents or employees."   In that case the gradation of a portion of the road was let out under a contract to one Hardin.   During the progress of the work a fire, which had been kindled within the right of way of the defendant, escaped therefrom and ran over the adjoining land of the plaintiff, causing him damage.   It was contended on the part of the plaintiff that the defendant was liable on the ground that "when the employer, as a corporation, is charged with certain obligations, reciprocal to the privileges and franchise granted, it cannot shift the responsibility from itself by employing a contractor to do the work for it."   In reply to this contention the court said :   "If it means that a railroad corporation, on account of the large powers generally granted to them, eminent domain, &c., cannot be allowed to construct their tracks, &c., through an independent contractor, but must do such work through their own servants and employees, we have only to say that we have found no authority for such a position. . . . .   If it means that where certain obligations exist, growing out of the privileges and franchises granted to the corporation, which would be inconsistent with the right of

the company to employ an independent contractor to meet said obligations, from public policy or otherwise, then the principle may be conceded; but the propriety of its application must be shown. No obligation of the defendant has been pointed out here inconsistent with having its road graded by an independent contractor." We fail to see any material distinction, in principle, between that case and the one before us. There the statute made the corporation liable for the acts of its agents or employees in causing damage by fire; but the court held, nevertheless, that where the injury was caused by an independent contractor, the corporation was not liable. Here, the statute makes the corporation liable for the carelessness, neglect or misconduct of its agents and servants in doing the work, but not for the carelessness or misconduct of an independent contractor. In short, the language of the charter making the corporation liable for the negligence of its servants and agents does not apply in this case. It does not include independent contractors, and is merely declaratory of the common law.

The argument *ab inconvenienti*, urged by plaintiff's counsel, while it is doubtless entitled to some weight in the determination of the question at issue, yet is not of sufficient importance to control the decision. We are aware of the fact that much of the work of constructing railroads and other public works, especially in a small State like ours, is done by foreign contractors, and that our citizens having claims against them are sometimes obliged to follow them into another jurisdiction in order to obtain redress. But this is a matter over which the court has no control. And the only way which occurs to us whereby the difficulty may be remedied, is by means of such legislation as shall render the corporation that obtains the franchise liable for the negligence or misconduct of the contractor.

Demurrer overruled, plea sustained, and case remitted to the Common Pleas Division for further proceedings.

*James M. Ripley, John F. Lonsdale & Joseph S. G. Cobb,* for plaintiff.

*David S. Baker & William C. Baker,* for defendant.