### Joseph Crudup v. Julia Schreiner, Ex'x, etc.

1. INDEPENDENT CONTRACTORS—*Liability of, Under the Doctrine of Respondeat Superior.*—A person can not be held liable as master under the doctrine of *respondeat superior* unless he has the power of discharging the party whose negligent act occasions the injury complained of.

2. MASTER AND SERVANT—*The Power to Discharge, Test of the Master's Liability.*—The liability of a master for the acts of his servant grows out of and is measured by the control of the former over the latter, and in the absence of such control the master will not ordinarily be liable for the acts or neglects of the employes of a sub-contractor when employed by such master to do a specified work.

3. SAME—*Responsibility for the Tortious Acts of the Servant.*—The responsibility of the master for the tortious acts of his servants grows out of, is measured by, and begins and ends with his control over them.

4. OWNER AND CONTRACTOR—*Application of the Rule of Liability.*—The rule that an owner or contractor is not liable for the negligence of the servants of a sub-contractor, unless such owner or contractor has the power to discharge such servants and hire others in their places, is especially applicable to this case.

Trespass on the Case, for personal injuries. Error to the Circuit Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge,

presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed November 15, 1901.

SEARLE & MARSHALL, attorneys for plaintiff in error.

JOSEPH L. HAAS, attorney for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

Joseph Crudup, plaintiff in error, seeks to recover from defendant in error, damages for personal injuries received, by reason of a fall alleged to have been occasioned by the negligent construction and maintenance by defendant in error's decedent, C. J. W. Schreiner, of a scaffold, constructed, maintained and used in erecting a large store building in the city of Rock Island. At the close of all the testimony the trial court directed a verdict of not guilty, and entered judgment against the plaintiff for costs. Fries owned the building. Schreiner was the contractor and sublet the brick-work to Willis & Flack, who employed the plaintiff in error as a mason-tender. The scaffold was constructed by employes of Willis & Flack under their direction and for their exclusive use in doing the brick-work upon the building. The scaffold fell, resulting in injury to Crudup and death to Schreiner.

The contracts between Fries and Schreiner, and Willis & Flack and Schreiner, were in writing. The latter contract is as follows:

"ROCK ISLAND, June 1, 1897.

AGREEMENT.

It is hereby agreed that Willis & Flack will do all the brick-work and furnish all material for the same, including the furnishing of all terra cotta, copings and flue lining (for C. J. W. Schreiner), on Peter Fries' new block and other store to be remodeled, to be occupied by Young & McCombs, all according to plan and specification. They will begin work in the cellar where part of the stone wall is up, and push wall to completion so that it will not delay any other mechanic on this building—all for the sum of twenty-four hundred and eighty-two ($2,482) dollars. Willis & Flack further agree to carry out this sub-contract on above named work under the same conditions, and semi-monthly payments, as are named in the Schreiner and Fries

contract.   All to be done to the satisfaction of the archi-
tect and owner.                          WILLIS & FLACK,
Accepted :                                    Per Willis.
   C. J. W. SCHREINER."

All that is material of the contract between Fries and
Schreiner is the following paragraph :

"The contractor must personally superintend the whole
of this work at all times in every detail·or appoint a com-
petent foreman to represent him, to whom all necessary
orders may be given, from time to time, during the progress
of the work."

The principal question is, were Willis & Flack independ-
ent contractors.   If they were, they, not the representative
of Schreiner, are liable, if a cause of action arises from the
facts.

Construing the two contracts together the most that can
be said is that Schreiner was the superintendent of the
work of Willis & Flack.   He had no power to hire or dis-
charge their men.

We are of opinion that Willis & Flack were independ-
ent contractors and that the action can not be maintained
against the defendant in error.   One can not be held liable
as master under the doctrine of *respondeat superior*, who
does not have the power of discharging the party whose
negligent act occasioned the injury.   Pioneer Construction
Co. v. Hansen, 176 Ill. 100.

In Thompson on Negligence, Vol. 2, Sec. 12, the follow-
ing rule is laid down :   The right to control the conduct of
another implies the power to discharge him from the serv-
ice or employment for disobedience; and accordingly, the
power to discharge is said ·to be the test by which to
determine whether the relation of master and servant
exists.   The liability of a master for the acts of his servants
grows out of, and is measured by, the control of the
former over the latter; and for the want of such control the
principal will not ordinarily be liable for the acts or neg-
lects of the employes of a sub·contractor employed by him
to do a specified work.   Town of Pawlet v. The Rutland
& Washington Railroad Company, 28 Vt. 297.

The responsibility of a master for the tortious acts of his servants arises, grows out of, is measured by, and begins and ends with his control over them. McGuire v. Grant, 25 N. J. L. 356. It is contended by plaintiff in error that the contract between Schreiner and Willis & Flack could be varied by parol; that the rule that a written contract can not be altered or varied by parol evidence applies only to parties to the contract.

The trial court evidently took that view of the law, and at the instance of the plaintiff in error, admitted oral testimony tending in some respects to vary the terms of the written contract.

This proof, at the most, only showed that Schreiner at some times exercised more authority than the written contract gave him. The test is what authority he had, not what he attempted to exercise.

The oral testimony failed to show any authority or attempted authority on the part of Schreiner to hire or discharge servants for Willis & Flack and it fails to show that Willis & Flack ever discharged a servant because demanded or requested by Schreiner.

The rule that the owner or contractor is not liable for the negligence of the servants of the sub-contractor, unless he has the power to discharge such servants and hire others in their places is especially applicable here. This injury seems to have been caused, not by any weakness or lack of size of the timbers, or any lack of proper form which supervision could have prevented, but by the negligence of the servants of Willis & Flack in driving certain nails into cracks instead of driving them into solid wood. When the weight came upon the scaffold these nails pulled out and the scaffold consequently fell.

As Schreiner had no authority to hire or discharge the servants who committed the error, he ought not to be held responsible for their carelessness and neglect.

The judgment of the Circuit Court will be affirmed.