## No. 11,012.

### FREDERIC A. OBER VS. CRESCENT CITY RAILROAD CO.

|        |      |
|--------|------|
| 44     | 1059 |
| f104   | 369  |
| 104    | 415  |
| 44     | 1059 |
| 109    | 215  |

1. A street railroad company which has contracted with a city, as a consideration for its franchise, to keep a portion of its streets in good order and repair is responsible in direct action by any person who suffers special damage resulting from its unlawful failure to do so.

2. Reason and authority support a broad and just distinction between the rules of negligence applicable to steam and to horse railways. What might be undoubted negligence as respects the former might not be so as respects the latter.

3. It is well settled that it is not negligence *in sé*, or as a matter of law, for a person to get on or off a horse-car while *it* is in motion, but the question of negligence *vel non* depends upon the circumstances of each particular case, such as the speed of the car, the activity or infirmity of the person and the like.

4. A petition claiming damgages from a railroad company bound to keep its streets in repair, resulting from plaintiff's stepping into a hole in the crossing, dangerous and negligently left by the company notwithstanding full notice, is not amenable to an exception of no cause of action, because it recites that the injury resulted while plaintiff was alighting from the car moving slowly and

with slackening speed preparatory to stopping, and also that plaintiff was an active and vigorous person accustomed to alight in this way, and showing no unfavorable conditions tending to render the act exceptionally rash or hazardous. Such act is not negligence *in se,* and can only be properly estimated after all the conditions and circumstances surrounding it, and not necessary to be detailed in the pleadings, have been established by contradictory proof between the parties.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*Carroll & Carroll* for Plaintiff and Appellant:

It is not, under all circumstances, negligence as matter of law for a person to get upon or leap from a street car, while in motion; ordinarily, it is a proper case for a jury. Boone on Corporations, Sec. 266, and cases there cited.

It is well settled that it is not negligence *per se* for a person to get on or off a street car drawn by horses, while it is in motion. It depends upon the circumstances surrounding each case. The question is ordinarily one of fact to be submitted to a jury. 47 N. W. (Minn.) 837. Same doctrine laid down in 137 Mass. 210; 69 N. Y. (Court of Appeals) 195, See also 105 Ind. 62 (4 N. E. 440); 49 N. Y. 177: 56 N. Y. 302; 4 Robt. 377; 63 N. Y. 556,

There is a difference between alighting from moving steam cars and from moving street cars; and, as to the latter, the prevailing doctrine is that the act is negligent or not, according to the circumstances of each case. Many of the cases reported are those in which the passenger attempted to leave by the front platform, which are obviously different from cases where the step is taken from the rear platform. Hutchinson on Carriers, Sec. 645a, and cases there cited.

It is a well recognized custom in New Orleans for street car passengers to alight while the car is in motion. It can not be presumed that the course pursued by an entire community is negligent or imprudent. The doctrine as to established custom in matters of this kind is laid down in Summers vs. C. C. R. R. Co., 34 An. 139; and that doctrine is applicable to the case at bar.

In order that the plea of contributory negligence may avail the defendant, it is necessary that a causal connection be established between the alleged contributory negligence and the damage suffered. See Wharton on Negligence, Secs. 1, 3, 73, p. 1147; Gerhard vs. Bates, 2 Ell. and Bl., 490; Summers vs. C. C. R. R. Co., 34 An. 140.

In the case at bar plaintiff's injuries resulted, not from the fact that he stepped off the moving car, but from the fact that defendant had negligently, and in violation of its positive contract, left a hole in its crossing, whereby plaintiff's foot being caught, he was thrown violently to the ground and seriously injured.

*John M. Bonner* for Defendant and Appellee:

1. In actions to recover damages for personal injuries the plaintiff should be entirely free from fault.
   Any degree of negligence on his part contributing proximately to the injury defeats his recovery therefor. Thompson on Neg., p. 1147; 34 An. 144; 24 Am. St. R. 398, and note.

2, It is negligence for a passenger to jump from either a steam train or horse car, in motion, unless expressly or impliedly invited to do so by the employés of the company. 41 An. 795; 47 Mich. 470; 38 N. Y. 131; 86 Mich. 236; S. C. 24 Am. St. R. 120; 100 Mo. 194; 232 Pa. St. 154.

3. Cities are not insurers of the safety of their streets. Elliott Roads and Streets, p. 448; Dill. Mun. Corp., Sec. 1019.

To recover for injuries on account of defects in the street, it must appear that the defect was the sole cause of the injury. 77 Me. 287; 119 Mass. 573.

No recovery can be had unless the party njured was in the exercise of due and reasonable care. 99 In'd, 10; Dill. on Mun. Corp., Sec. 1020; 42 An. 541.

The opinion of the court was delivered by

FENNER, J.   The substantial allegations of the petition are, that it is the duty of the city of New Orleans to keep her streets in good order and condition, and that by contract this duty, as to Annunciation street, was devolved on the defendant; that a certain plank crossing on Annunciation street got out of repair, and had a long, narrow crack in it that was caused by the decay of one of the planks; that the defendant grossly neglected to cover up or repair this crack, although it had been notified so to do; that plaintiff entered one of the cars on the Annunciation line about 5 o'clock, on the afternoon of October 2, 1890, and proceeded up town as a passenger, having paid his fare, and not being a trespasser, and alighted from said car at the lower crossing of St. Andrew street, said car moving slowly, and at a slackening rate of speed, preparatory to stopping at the upper crossing; that petitioner was guilty of no negligence in so alighting from said car, being physically strong at the time, and being skilled and an adept in so alighting; that it had been his custom and habit to alight from street cars in motion for a number of years; that it is the well established custom in New Orleans for able-bodied men to so alight from street cars in motion, and petitioner had a right to so alight; that he alighted from said car in the safest manner, with his face toward the front of the car, getting off backward, suspecting no danger, and relying upon the said railroad company's having fulfilled its duty to the city and the public, in keeping the street and the crossing in safe condition and repair; that in alighting, petitioner, after releasing his hold on said car, placed his right foot, being the foot that first touched the ground, firmly and squarely on the crossing, but that when he planted his other foot upon the crossing, the heel of his shoe was caught and firmly held in the hole in the said crossing; that the momentum

which the motion of the car had imparted to his body impelled him forward, and his left foot being caught and firmly held, petitioner was not free, but was checked and thrown violently to the ground, etc.

To this petition the defendant filed the exception of no cause of action, which was sustained in the lower court.

The exception rests exclusively on the ground that the petition, on its face, exhibits such contributory negligence on the part of plaintiff as destroys his right of action.

We shall, for the purpose of this decision, eliminate the question as to whether the defendant was bound, as a carrier, to keep the part of the streets occupied by its track in good order and repair, and shall treat defendant exclusively as the contractual subrogee to the duties of the city in that respect, and as sued in that capacity alone.

The case will thus be considered precisely as if, in absence of its particular contract with defendant, the suit were against the city itself for an injury resulting from a defect in the highway, and we shall so treat it.

There can be no question that in such a case the petition would set forth a complete case of gross fault and negligence in leaving a "dangerous hole" in a street crossing, and failing to repair the same, "although notified, advised and warned of the dangerous condition of the crossing."

The facts alleged further show that this negligence was a cause of the injury, without which it would not have happened.

The rule is now settled that a municipal corporation vested with the powers usually conferred is bound to make and keep its streets reasonably safe and convenient, and, if it fails to do so, is liable for injury occasioned by its neglect to any person using the street lawfully, and in the exercise of ordinary care. Elliott on Roads and Streets, p. 446.

"If in consideration of the grant of a license to construct and operate its road on a public street, a railroad company agrees with the city to keep a portion of the street in repair, it thereby becomes responsible to any person who suffers special damage in consequence of a breach of this contract, and a right of action enures to such person thereon." 1 Thompson on Neg., p. 359, Sec. 25.

It follows that the petition sets forth a good cause of action unless the statement therein contained of the plaintiff's own acts in connection with the injury exhibits such a case of contributory negligence as deprives him of any claim for redress.

The only act stated in the petition to which such a consequence could be attached is charged in the following terms: "That he was a passenger upon a street car of defendants; that when the car reached the corner of Annunciation and St. Andrew streets plaintiff alighted therefrom, while the same was moving slowly at a slackening rate of speed, preparatory to stopping on the further side of the street; that he was guilty of no negligence, being physically strong and skilled in so alighting; that he alighted from the car in the safest manner, with his face toward the front of the car, suspecting no danger and relying upon defendants having fulfilled its duty in regard to keeping the crossings in good condition and repair; that in alighting, plaintiff, after releasing his hold upon the car, placed his right foot squarely and firmly on the crossing, but that when he placed his other foot upon said crossing, the heel of his shoe went into the hole above mentioned," etc.

The last statement strongly intimates that the hole was in advance of the point at which plaintiff alighted and was probably covered by the car step, so that no exercise of ordinary care in looking where he was stepping would have revealed the danger, thus shutting out the imputation of negligence in performing the act, if the act itself was not necessarily negligent.

The maintenance of the exception of no cause of action involves the assertion of two legal propositions, viz.: first, that the act of alighting from a street horse car while moving, under the circumstances stated, is negligence *in se*—*i. e.*, necessarily and as matter of law; second, that the particular injury was in such "ordinary, natural sequence" to the negligence as excludes redress. Wharton on Neg., Secs. 1, 3, 73; Fairbanks vs. Carr, 70 Penn. St. 86; Gerhard vs. Bates, 2 Ell & Bl. 490; Summers vs. R. R., 34 An. 144.

The diligent counsel for defendant cites numerous cases holding it to be negligence to jump from a moving steam train, and notably our own recent decision in the case of Walker vs. R. R., 41 An. 795.

He also cites a few cases which apparently apply the same principle to horse cars, though some of these indicate particular circumstances going to constitute the negligence, such as, in one case, that

the person attempting to board a moving car "was encumbered with his coat and dinner bucket." Reddington vs. R. R., 132 Penn. St. 154. But both reason and authority indicate the just and broad distinction between the rules applicable to steam and horse cars.

As Mr. Beach says: "What might be gross negligence as respects a steam railway might be perfectly prudent and proper to be done in dealing with street cars. We must not, therefore, attempt to apply to street railways the rules of law applicable to steam railways. The cases are different and the reason for the rule ceasing, the rule itself must also cease." And he further says: "It is well |settled that it is not contributory negligence *in se* for one to alight from or to board a moving street car." Beach on Cont. Neg., Secs. 89 and 90.

The New York Court of Appeals states the rule as follows: "Ordinarily, it is perfectly safe to get upon a street car moving slowly, and thousands of persons do it every day with perfect safety. There may be exceptional cases when the car is moving rapidly, or when the person is infirm or clumsy, or is incumbered with children, packages, or other hinderances, or when there are other unfavorable conditions, when it would be reckless to do so; and a court might, upon undisputed evidence, hold, as matter of law, that there was negligence in doing so. But in most cases it must be a question for the jury." Eppendorf vs. Brooklyn, 69 N. Y. 195.

Says the Minnesota court:

"It is well settled that it is not negligence, *per se*, for a person to get on or off a street car drawn by horses, while it is in motion. It depends upon the circumstances surrounding each case. The question is ordinarily one of fact to be submitted to a jury." Shackerl vs. St. Paul City R. R. Co., 43 N. W. (Minn.); see also to same effect, McDonough vs. R. R., 137 Mass. 210; Boone on Corporations, Sec. 266; Hutchinson on Carriers, Sec. 645a.

The statements in this petition certainly exclude every exceptional circumstance which imputes any peculiar recklessness to the act. They assert that the car was moving slowly and with slackening speed; that the plaintiff was not " clumsy or infirm," but strong and active; they exhibit no " incumbrances or hinderances " of any kind, and no other " unfavorable conditions."

We are called upon to hold that the simple act of voluntarily alighting from a horse car while moving, even under the most favorable conditions, is *per se* negligence which disables the party from

asking redress for any injury resulting from the negligence of another, however gross, concurring with such an act.

Reason and authority preclude such a doctrine.

Finding, therefore, that the petition sets forth a clear case of fault and negligence on the part of defendant, and that the facts alleged do not, necessarily and as matter of law, establish contributory negligence on the part of plaintiff, we are of opinion that the case should go to trial on the merits, when many surrounding and accompanying circumstances, not necessary to be alleged on the face of the pleadings, may be shown by either party, and when we have the whole case before us we will be better able to balance the scales of fault, and determine the causal results so as to reach a conclusion satisfactory to justice.

It is therefore adjudged and decreed that the judgment appealed from be annulled and reversed; that the exception be overruled, and that the case be remanded for further proceedings according to law.