## Wilson W. Jagger, Appellant, *v.* The People's Street Railway Company of Luzerne County, and The Scranton Traction Company.

*Negligence—Street railways—Alighting from cars.*

It is the duty of a street railway company to stop its cars at suitable places for passengers to leave them, and to keep the cars stationary long enough to enable passengers to alight from them in safety.

*Street railways—Alighting from moving car—Contributory negligence.*

It is contributory negligence to leap from a moving car. To justify such action the motion must be so inconsiderable that a person of reasonable prudence exercising ordinary care would not hesitate about the safety of the attempt to alight. If the evidence leaves the question whether the car was fairly in motion in doubt, then the question of contributory negligence must go to the jury. If it does not, it is a question of law.

Whether the attempt to leap from an electric car moving at the rate of from four to five miles per hour is contributory negligence in the passenger may properly be declared by the court on a motion for compulsory nonsuit.

In an action by a passenger against a street railway company to recover damages for personal injuries it appeared that the plaintiff was in the habit of using defendants' cars, and in order to shorten his walk he would leap from the cars at a point where they did not ordinarily stop. There was evidence that the conductor and motorman knew of this habit, and at a signal from him would slacken the speed of the car down to about four or five miles per hour. The plaintiff was injured while leaping from a car when it had thus slowed down. *Held,* (1) that the company was not bound by the practice of the plaintiff, or by the good nature of its employees; (2) that a nonsuit was properly entered.

Argued Feb. 22, 1897. Appeal, No. 218, Jan. Term, 1896, by plaintiff, from judgment of C. P. Lackawanna Co., March, T. 1894, No. 532, refusing to take off nonsuit. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before ARCHBALD, P. J.

At the trial it appeared that on November 12, 1892, plaintiff

was injured while alighting from the rear platform of an electric street car in the city of Scranton. The plaintiff was in the habit of leaping from the cars on his way home from work at a point where they did not ordinarily stop. It appeared that the conductor and motorman at a signal from the plaintiff would slow the car down to about four or five miles an hour, and plaintiff would then jump off. ARCHBALD, J., in an opinion refusing to take off nonsuit described the accident as follows: "The case as presented then is simply this : The plaintiff motioned to the conductor to stop, the conductor rang the bell to have it done, the motorman slacked the car; meantime the plaintiff had risen from his seat and gone out on the rear platform; without awaiting for the car to come to a standstill the plaintiff, suiting his own convenience, got off while it was in motion; the car gave a jerk and he was thrown down and injured."

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take of nonsuit.

*Charles L. Hawley*, for appellant, cited on the question of custom: Linch v. Pittsburgh Traction Co., 153 Pa. 102.
. Cited on question of negligence : Railway Co. v. Bangs, 3 Am. & Eng. R. R. Cases, 431 ; Cincinnati, etc., R. R. v. Peters, 6 Am. & Eng. R. R. Cases, 126, 134 ; R. R. v. Cantrell, 8 Am. & Eng. R. R. Cases, 198 ; Cumberland Valley R. R. v. Maugans, 18 Am. & Eng. R. R. Cases, 182 ; Edgar v. Northern R. R., 22 Am. &. Eng. R. R. Cases, 433 ; Patterson's Railway Accident Law, sec. 258 ; P. R. R. v. Kilgore, 32 Pa. 292; Johnson v. R. R., 70 Pa. 357 ; Clow v. Pittsburgh Traction Co., 158 Pa. 410; Linch v. Pittsburgh Traction Co., 153 Pa. 102.

*Horace E. Hand*, for appellees was not heard, but cited in his printed brief on the question of custom: Lawson on Usages and Customs, 37 ; Beebe v. Ayres, 28 Barb. 278; Dietrich v. Penna. R. R., 71 Pa. 439 ; on the question of negligence : Hagan v. Phila., etc., Ry. Co., 38 Leg. Int. 252 ; R. R. v. Aspell, 23 Pa. 150 ; Booth on Street Ry. Law, p. 461 ; Ray on Negligence of Imposed Duties, p. 666 ; Nichols v. R. R. Co., 106 Mass. 463; Reddington v. Phila. Traction Co., 132 Pa. 156.

PER CURIAM, March 22, 1897:

The plaintiff, in going from the business part of the city of Scranton to his home, used the defendants' line of cars. To shorten his walk, he was in the habit of leaping from the cars at a point where they did not ordinarily stop, from which point he walked to his home. It is alleged that the conductor and motorman knew of this habit and at a signal from him would slacken the speed of the car down to about four or five miles per hour in order to relieve him from the dangers incident to this mode of alighting as much as they reasonably could. The company was not bound by this practice of the plaintiff or by the good nature of their employees. It is the duty of a street railway company to stop its cars at suitable places for passengers to leave them, and remain stationary long enough to enable them to do so safely: Crissey v. Hestonville, Mantua and Fairmount Pass. Ry. Co., 75 Pa. 83. And it is contributory negligence to leap from a moving car: Penna. R. Co. v. Aspell, 23 Pa. 147. To justify such action, the motion must be so inconsiderable that a person of reasonable prudence, exercising ordinary care, would not hesitate about the safety of the attempt to alight: Stager v. Railway Co., 119 Pa. 70. If the evidence leaves the question whether the car was fairly in motion in doubt, then the question of contributory negligence must go to the jury. If it does not, it is a question of law. This case, upon all the evidence, belongs to the latter class. Whether the attempt to leap from an electric car moving at the rate of from four to five miles per hour is contributory negligence in the passenger may properly be declared by the court on a motion for a compulsory nonsuit, and it was properly declared in this case.

The judgment is affirmed.