The rule nisi is vacated, and the application of relator is rejected, at his cost.

---

(33 South. 200.)

No. 14,180.

JONES v. CANAL & C. R. CO.

(Dec 15, 1902.)

**STREET CARS—NEGLIGENCE OF PASSENGER—ASSUMPTION OF RISK.**

1. While it may now be considered settled that it is not negligence, as a matter of law, to step off from a moving street car, a person stepping off from such car takes upon himself, in the absence of negligence or fault on part of the carrier, the risk of injury.

(Syllabus by the Court.)

Appeal from civil district court, parish of Orleans; Thomas C. W. Ellis, Judge.

Action by Thomas Jones against the Canal & Claiborne Railroad Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Albert Voorhies, for appellant. Clegg & Quintero, for appellee.

BLANCHARD, J. This is a suit for the recovery of damages for personal injuries, caused, as alleged, through the fault and negligence of defendant's servants.

The defense is that if plaintiff were injured by defendant's electric car, the same was the result of his own fault and want of care and prudence.

Neither party prayed for trial by jury.

The district judge was of the opinion that the evidence adduced before him established that the mishap which overtook the plaintiff was occasioned by his attempting to leave the car while it was in motion and before it had reached the usual and prescribed place for stopping after being signaled to stop by the plaintiff, who was a passenger.

From an adverse judgment plaintiff appeals.

Ruling—The contention of the plaintiff is that in company with a friend or an acquaintance he had taken passage on the car from one point in the city of New Orleans to another; that on reaching the immediate vicinity of the latter his fellow passenger, as well as himself, sounded the signal bell for the car to stop; that the car slowed down and came to a halt; that his fellow passenger, who had preceded him to the platform of the car, thereupon alighted in safety, but that before he (plaintiff) could alight and while in the act of doing so, the car was suddenly started and the jerk or jolt which ensued precipitated him violently to the ground.

The contention of the defendant is that the motoneer, having received the signal, slowed down the car, intending to stop at the further side of the cross street near which the signal was given; that it was alike the requirement of the rules of the company and the custom of the road to bring the car to a stop at the further side of the first cross-street after receiving a signal to stop; that the plaintiff did not wait for the car to come to a halt at the proper place, but imprudent-

ly attempted to disembark from it while it was between cross-streets and in motion; and that it is not true the car had stopped and then started again suddenly, while plaintiff was in the act of stepping off.

Granting the injury claimed, the burden was on plaintiff to establish either, (1) that the car had come to a stop and while in the act of alighting from it, and without a reasonable time having been given him to alight, a jerk came which threw him off; or (2) that the car had slowed down and was moving so slowly that he could without being guilty of imprudence step off from it, and when he attempted so to do and just as he was stepping off a violent movement of the car forward came which precipitated him to the ground.

We agree with the trial judge that he has not sustained the burden as to either proposition.

The question of how far it is negligence to get onto or off from a moving street car has been the subject of much consideration by courts and text-writers.

It is a matter of common observation that persons do every day get on and off from street cars while they are in motion under circumstances that would not, in the estimation of a reasonable man, be considered negligence. Finkeldey v. Cable Co., 114 Cal. 28, 45 Pac. 996, 38 L. R. A. 788, note.

When, therefore, a person attempts to step off from a car that is barely moving, his attempt will not, of itself, constitute such negligence as will prevent his recovery for an injury caused by a sudden jerk of the car which throws him to the ground. Railway Co. v. Mumford, 97 Ill. 560, 38 L. R. A. 787, note.

But, while it may now be considered settled that it is not negligence, as a matter of law, to step off from a moving street car (Ober v. Railroad Co., 44 La. Ann. 1059, 11 South. 818, 32 Am. St. Rep. 366), a person stepping off from such car takes upon himself, in the absence of negligence or fault on part of the carrier, the risk of injury. See Jagger v. Railway Co., 180 Pa. 436, 36 Atl. 867, 38 L. R. A. 786, with note and brief of numerous authorities.

And if there be no negligence on part of the carrier, there can be no recovery, although the act of the plaintiff may not have been negligent. Ricketts v. Railway Co., 85 Ala. 600, 5 South. 353; McDonald v. Railway Co., 110 Ala. 161, 20 South. 317, 38 L. R. A. 787, note.

Judgment affirmed.