WATER COMPANY *v.* WARE.

Where an incorporated company undertook to lay water-pipes in a city, agreeing that it would " protect all persons against damages by reason of excavations made by them in laying pipes, and *to be responsible for all damages which may occur by reason of the neglect of their employés on*

---

* Parsons on Notes and Bills, 501.

† McLemore *v.* Powell, 12 Wheaton, 554.

*the premises;" held*, on the company's having let the work out to a sub-contractor, through the negligence of *whose* servants injury accrued to a person passing over the street, that the company could be properly sued for damages.

ERROR to the Circuit Court for Minnesota; the case being thus:

The city of St. Paul, desiring to have water-pipes laid along the streets of the city, passed an ordinance authorizing the St. Paul Water Company, an incorporated company, so to lay them. But as it was necessary that large excavations of the earth should be made along the streets, and considerable blasting of rock below, the ordinance in one of its sections, the 6th, thus provided:

"The said water company expressly agrees to protect all persons against damages by reason of excavations made by them in the said city, in laying pipes, and to keep the said excavations properly guarded by day and night, *and to become responsible for all damages which may occur by reason of the neglect of their employés in the premises*, and that the streets and highways in said city shall not be unnecessarily obstructed or incumbered in laying said pipes."

The water company accepted the ordinance. It did not, however, do any work itself or by its own servants, but made a contract in writing with one Gilfillan to do the work for them. Under this contract, Gilfillan himself superintending the work every day, certain excavations, drillings, and blastings were made in different streets of the city.

While these operations were going on in one of the streets, a certain Ware, driving his horse and wagon in it, was much injured, owing to his horse taking fright at a steam-drill in the street, put there to drill the rocks that it was necessary to remove, and suddenly and without notice set in motion. He accordingly sued *the company* for damages.

His witnesses having given evidence tending to show that the accident was owing to the fact that the excavations were not "properly guarded" and that the highways were "unnec-

essarily obstructed and incumbered," disclosed in cross-examination the fact above mentioned, to wit, that the company did not do any work itself or by its servants, but that it had farmed out its engagement to lay the pipes, and that all that had happened, had happened while the contractor was thus in the discharge of his contract.

Thereupon (the plaintiff resting) the defendant asked the court

"To direct the jury to return a verdict for the defendant, without requiring the defendant to enter upon a defence, upon the ground that the negligence, if any, found as the cause of injury to plaintiff, was the negligence of the servants and employés of said contractor, and not of the defendant or any of its servants and employés."

This motion the court denied, saying:

"The action is brought upon the principle which is settled, at least in the Federal courts, that when a person (company or corporation included) is engaged in a work, in the ordinary doing of which a nuisance necessarily occurs, the person is liable for any injury that may result to third parties from carelessness or negligence, though the work may be done by a contractor, and although the plaintiff might have sustained an action against the city of St. Paul, it is his right to seek his remedy against the party who created the nuisance."

The defendant then gave evidence to show that the plaintiff had been driving carelessly, and, the case being rested, asked the court to charge—

"1. That under the evidence in the case they must find a verdict for the defendant.

"2. That if the injury complained of was caused solely by the negligence or misconduct in the manner of doing the work of the employés of the contractor, then the defendant is entitled to a verdict."

The court refused to give either charge, and the defendant excepted. Verdict and judgment having been given for the plaintiff, $2200, the defendant brought the case here.

*Mr. W. H. Peckham., for the plaintiff in error :*

The court below proceeded upon the theory either that under the contract between the water company and its contractor, the persons employed by the contractor to do the work, were the servants of the company, and that the company was therefore liable for their misconduct or negligence; or that having caused the work to be done, it was liable for such misconduct or negligence, though the relation of master and servants did not exist between it and the persons doing the work.

But the legal relation of master and servants did not exist between the water company and the persons in charge of the machinery and doing the work. They were in the employ of the contractor. He was exercising an independent employment, and was their superior.* A party is not liable for the misconduct or negligent acts of the employés of one to whom he lets a job of work to be done by contract. This is settled by the New York case of *Blake* v. *Ferris*,† and by other cases.‡

*Mr. M. Lamprey, contra :*

The case of *Storrs* v. *The City of Utica*§ is in point, and the reasoning of the court seems particularly applicable to this case. *Blake* v. *Ferris*, cited on the other side, is reviewed, and the doctrine that the city is not liable for injuries caused by negligence in the improvement of streets, because it has employed a contractor to do the work, is distinctly overruled.

But we need not enter on any discussion whatever of that formerly vexed question. Such a discussion is wholly unnecessary, and in view of other grounds on which the

---

* Forsyth *v.* Hooper, 11 Allen, 419; Pack *v.* The Mayor, &c., 8 New York, 222; Kelly *v.* The Mayor, &c., 11 Ib. 432; Painter *v.* Pittsburgh, 46 Pennsylvania State, 213.

† 5 New York, 48.

‡ Hilliard *v.* Richardson, 3 Gray, 349; Callahan *v.* Burlington Railroad Company, 23 Iowa, 562; Chicago City *v.* Robbins, 2 Black., 418.

§ 17 New York, 108.

court below doubtless rested its views—grounds alike obvious and impregnable—such a discussion might be called irrelative.

The effect of section six of the ordinance, which is both an agreement with the public and a law, is to make the water company liable, when injury results from negligence of an employé, whether such employé is a contractor or workman. The company agrees to protect all persons against damages by means of excavations; to keep the excavations properly guarded; to become responsible for all damages; and not to unnecessarily obstruct the streets. It cannot rid itself from the primary liability imposed by this ordinance, by letting the work to a contractor. The liability exists, no matter how the work is done. The contractor is an employé of the company within the meaning of this section.

*Reply :* 1. The ordinance was intended solely for the indemnity of the city, and one not a party to it can derive no rights under it.

2. The water company, under the ordinance, did not agree to become responsible for the misconduct of the persons doing the work, but only for damages " *by reason of excavations,*" and " *to keep such excavations properly guarded,*" and to become responsible for all damages which might occur " *by reason of the neglect of their employés in the premises ;*" that is, by reason of the neglect of its employés to keep its excavations properly guarded. The object of the provision was to bind the company to do, in respect to the public streets, what, as between the city and the public, would be primarily the duty of the city to do. The only change it made between the city and the company was to give to the city a contract right to hold the company for any damages *it* might be compelled to pay, by reason of the existence of the excavations in the street.

Mr. Justice CLIFFORD delivered the opinion of the court.

Injuries of a physical nature were received by the plain-

tiff through an obstruction in one of the public streets of the city of St. Paul, occasioned, as he alleges, by an employé of the corporation defendants, for whose acts they are responsible, and he instituted the present suit to recover compensation for those injuries. Service was made, and the defendants appeared, and the parties went to trial, and the verdict and judgment were for the plaintiff; and the defendants excepted and sued out this writ of error.

Evidence was introduced by the plaintiff tending to show that where the accident occurred was a public street of the city; that the defendants entered into an engagement with the authorities of the city to make the necessary excavations in the streets, and to lay therein suitable pipes and complete the work as stipulated in a certain contract, to introduce a supply of water into the city for the use of the inhabitants, and that their employé or contractor was at work at the time making the excavations and laying the pipes; that the excavations in the street where the plaintiff was injured extended from the intersection of Eighth Street to the intersection of Ninth Street, and that the excavation with the embankments made on the sides of the same by throwing out the earth, occupied the greater part of the width of the street, leaving on the east side little more than a passageway of sufficient width for a one-horse carriage; that in making the excavation the workmen found it necessary to drill and blast, employing the steam drill for drilling, and blasting, as usual, with gunpowder; that the engine which propelled the drill was three feet in diameter and was elevated six or seven feet above the surface of the ground, and at the time of the accident to the plaintiff it stood near the intersection of Eighth Street with the street in which the plaintiff was passing; that the plaintiff, with one other person, was riding in a carriage drawn by one horse, and having turned from Ninth Street into the street where the accident occurred, the plaintiff, with the other person in the carriage, was driving along down the narrow passageway, on the east side of the street, when the persons in charge of the engine suddenly, and without giving any notice or warning of their

intention, set the engine and drill in operation, causing a loud noise which frightened the plaintiff's horse and caused him to shy and turn upon the sidewalk, overturning the carriage and injured the plaintiff.

Due care, it is alleged, was used by the plaintiff, as when he left the intersecting street and passed into the street where the accident occurred the engine and drill were not in operation, nor was there any barricade or signal of any kind to indicate that there was any danger, or that any special precaution was necessary except what was suggested by the embankment and the narrowness of the street; and the evidence also tended to prove that neither the engine nor the drill was seen by the plaintiff or by the person in the carriage with him until the horse of the plaintiff was within ten feet of the place where the engine and drill were situated, and that it was at that moment that they were put in operation by those in charge of the work, and that one of the workmen ran into the street and threw up his arms as if to stop the horse, which had the effect to make him still more unmanageable.

Having introduced evidence tending to prove the foregoing facts the plaintiff rested, and the defendants moved the court to direct the jury to return a verdict in their favor upon the ground that the negligence proved, if any, as the cause of the injury to the plaintiff was the negligence of the contractor in charge of the work, or his servants or employés, and not of the defendants, or their servants or employés, which motion the court then and there denied, and remarked that "the action is brought upon the principle, which is well settled in the Federal courts, that where a person or corporation is engaged in a work in the ordinary doing of which a nuisance necessarily occurs, the party is liable for any injury that may result to third parties from carelessness or negligence, even though the work may be done by a contractor," and it makes no difference even if the party, in a case like the present, might sustain an action against the municipal corporation, as it is his right to seek his remedy against the party who created the nuisance or his im-

mediate employés, to which ruling and decision the defendants then and there excepted.

Testimony was then introduced by the defendants tending to show that the injury mentioned in the declaration was not caused by any neglect or misconduct of the persons in charge of the work, but wholly by the reckless and negligent driving of the plaintiff, and the person with him in the carriage.

Prayers for instruction to the jury were presented by the defendants in substance and effect as follows:

(1.) That the court instruct the jury that upon the whole evidence they must find their verdict for the defendants.

(2.) That if the injury to the plaintiff was caused solely by the negligence or misconduct of the employés of the contractor in doing the work, then the defendants are not liable.

Both of those requests were refused, and the rulings of the court in that behalf, together with the refusal of the court at the close of the plaintiff's case to direct a verdict for the defendants, present the principal questions in the case for the decision of the court. Other prayers for instruction, involving the same principles, were also presented by the defendants, which were also refused, and the rulings are embraced in the exceptions.

Cities and towns are usually required by statute to keep their streets and highways safe and convenient for travellers, and if they neglect so to do, in a case where that duty is imposed by law, and suffer the same to get out of repair and defective, and any person as a traveller receives injury through such defect, either to his person or property, the delinquent corporation is responsible in damages to the injured party. Such a party, however, cannot maintain an action against the corporation grounded *solely* on the defect and want of repair in the highway, but he must also allege and prove that the corporation had notice of the defect or want of repair and that he was injured, either in person or property, in consequence of the unsafe and inconvenient state of the highway, as the duty to repair in such cases is a duty owed to the public, and consequently if one person

might sue for his proportion of the damages for the non-performance of the duty, then every other member of the community would have the same right of action, which would be ruinous to the corporation, and for that reason it was held at common law, that no action founded merely on the neglect to repair would lie.*

Nor will an action lie in such a case at the present time; but it is settled law, by the highest authority of the country from which the common law is derived, that where it appears that the corporation is under a legal obligation to repair the way in question, and that such obligation is a matter of general and public concern, and also that the place in question is out of repair and that the plaintiff has sustained some peculiar damage in his person or property by means of such defect or want of repair, that the corporation, if the means of performing the duty to make the repairs are within their control, is liable to compensate the injured party for the injury which he suffered from their neglect.† Since the decision in *Mayor of Lyme-Regis* v. *Henley,* the case last referred to, many decisions to the same effect have been made by the State courts in this country approving that rule and applying it in all similar controversies.‡

Grant all that and still the defendants deny that the rule established by those authorities furnishes any support to the rulings of the Circuit Court, as they, the defendants, were mere contractors to make the excavations and lay the pipes, and they insist that the persons responsible to the plaintiff, if any, are the persons whom they employed to do the work and who were in charge of it at the time the plaintiff was injured, and they deny that they in any view of the case can be held answerable for the neglect and carelessness of those

---

* Weightman *v.* Washington, 1 Black, 52.

† Henly *v.* The Mayor, &c., of Lyme, 5 Bingham, 91; The Mayor *v.* Henly, 3 Barnewall & Adolphus, 77; Mayor, &c., of Lyme-Regis *v.* Henly, 2 Clark & Finnelly, 331.

‡ Hutson *v.* New York, 5 Sandford, 304; Erie *v.* Schwingle, 22 Pennsylvania State, 384; Storrs *v.* Utica, 17 New York, 104; Conrad *v.* Trustees of Ithaca, 16 Id. 159; Browning *v.* Springfield, 17 Illinois, 145; Lloyd *v.* Mayor, 1 Selden 369.

who had contracted with them to make the excavations and lay the pipes, and who had charge of the engine and steam drill, the operation of which frightened the horse of the plaintiff.

Concede that proposition and it would follow that the rulings in question are incorrect; but the evidence exhibited in the record shows that the defendants agreed with the municipal authorities to protect all persons against damages by reason of the excavations made by them preparatory to laying the pipes, and to keep the work properly guarded by day and night, and to be responsible for all damages which " may occur by reason of neglect of their employés in the premises," and that the streets should not be unnecessarily obstructed or incumbered in doing the work. Such an agreement would not acquit the municipality of an obligation, otherwise attaching, to keep the streets safe and convenient for travellers, but it may well be held that a party injured through a defect or want of repair in such a street, occasioned by the neglect or carelessness of such a contractor in doing the work, or of those for whose acts he is responsible, may, at his election, sue the contractor for redress or pursue his remedy against the municipality, as it is clear that the contractor, in case of a recovery against the latter, would be answerable to the municipality as stipulated in his agreement. Improvements of the kind, such as making excavations and laying pipes for gas or for sewers, are made by municipal corporations, under circumstances where the corporation is immediately responsible for the defect or want of repair in the street, without any other party being answerable over to them for any damages they may have to pay to a traveller who may be injured through such a defect or want of repair, as where they appoint their own superintendent and the work is done by their order and directions. Other cases arise where improvements are constructed by contractors, in which the municipality is not responsible at all, as where the improvement is of such a character that a prudent man would not find it necessary to incumber or obstruct the street in any respect or for any purpose, as in that

case it would be clear that the defect or want of repair which occasioned the injury was solely the result of neglect and carelessness on the part of the contractor, and not of any culpable fault of the officers of the municipality. Contractors with such a corporation for such a purpose may or may not be responsible to a third party, in a case like the present, according to the circumstances, but it is not necessary to enter much into the discussion of that topic in this case, as the evidence shows that the defendants agreed to become responsible for all damages which may occur by reason of neglect of their employés in the premises. Tested by these considerations it is quite clear that the case must be viewed just as it would be if the work had been done by the defendants, and not by the sub-contractors, or as if the work had in all respects been done under the directions of the defendants as the immediate contractors with the municipal corporation.

Where the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workmen, the rule is that the employer is not liable; but where the obstruction or defect which occasioned the injury results directly from the acts which the contractor agreed and was authorized to do, the person who employs the contractor and authorizes him to do those acts is *equally liable* to the injured party.* Exactly the same view was advanced by this court when that case was brought here by the first writ of error, in which the court said that if the nuisance necessarily occurs in the ordinary mode of doing the work the occupant or owner is liable, but if it is from the negligence of the contractor or his servants, then he should alone be responsible.† Common justice requires the enforcement of that rule, as if the contractor does the thing which he is employed to do the employer is as responsible for the thing as if he had done it himself, but if the act which is the subject of complaint is purely collateral to the

---

* Robbins v. Chicago, 4 Wallace, 679.
† Chicago v. Robbins, 2 Black, 428.

matter contracted to be done, and arises indirectly in the course of the performance of the work, the employer is not liable, because he never authorized the work to be done.* It would be monstrous, said Lord Campbell, if a party causing another to do a thing were exempted from liability for the act merely because there was a contract between him and the person immediately causing the act to be done, which, may be accepted as correct if applied in a case where the work contracted to be done will necessarily, in its progress, render the street unsafe and inconvenient for public travel.† More than one party may be liable in such a case, nor can one who employs another to make such an excavation relieve himself from liability for such damages as those involved in the case before the court by any stipulation with his employé, as both the person who procured the nuisance to be made and the immediate author of it are liable.‡

Apply these rules to the case before the court, and it is clear that they are sufficient to dispose of all the exceptions and to show that there is no error in the record.

JUDGMENT AFFIRMED.

---

* Hole v. Railway Co., 6 Hurlstone & Norman, 497.

† Ellis v. Gas Cons. Co., 2 Ellis & Blackburne, 770; Newton v. Ellis, 5 Id. 124; Lowell v. Railroad, 23 Pickering, 31.

‡ Storrs v. Utica, 17 New York, 108; Creed v Hartmann, 29 Id. 591; Same Case, 8 Bosworth, 123; Congreve v. Smith, 18 New York, 79; Same v. Morgan, 18 Id. 84; Shearman & Redfield on Negligence, 423; Mayor v. Furze, 3 Hill, 616; Milford v. Holbrook, 9 Allen, 21.