(50 App. Div. 558.)

## SULLIVAN v. STATEN ISLAND ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

1. STREET RAILWAY—LIABILITY FOR INJURIES—STREETS—CONTRACT TO MAINTAIN.

    Where a street-railroad company contracted with a township to keep the streets and highways in a safe and passable condition, while constructing its road, an action for an injury resulting from the dangerous condition of the highway may be maintained against the company by the person injured.

2. SAME—SUFFICIENCY OF EVIDENCE.

    A street-railway company had contracted with a township to keep the streets and highways in a safe condition while constructing its road therein. Plaintiff was injured by reason of the unsafe condition of such road. The evidence for the plaintiff showed that the company had not worked on the line for two months, while defendant's witnesses testified that it had been completed for six months. *Held* insufficient to support a finding that the road was being constructed at the time of the accident, so as to entitle plaintiff to recover against the company.

3. MOTION TO DISMISS—WAIVER.

    Where defendant moved to dismiss the complaint for insufficiency of evidence, at the close of plaintiff's case, and stated wherein the evidence was insufficient, and such deficiencies were not supplied, defendant did not waive the right to insist that the cause should not be submitted to the jury by failing to again specifically set out the grounds of the objection in a motion to dismiss, which was made after the evidence was closed.

Appeal from special term, Richmond county.

Action by Mary Sullivan against the Staten Island Electric Railroad Company for injuries. From a judgment in favor of plaintiff and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Henry K. Davis (William P. S. Melvin, on the brief), for appellant.
August P. Wagener, for respondent.

WOODWARD, J. This action was brought and tried upon the theory that the defendant was liable to the plaintiff under a written contract with the local authorities of the township in which its street railroad was constructed, in which it had agreed that, "during the continuance of such work of construction on said railroad tracks, roadbed, turn-out, switches, and connections, to so conduct said work as to at all times leave said streets, roads, and highways, and the sidewalks thereof, in a safe and passable condition for vehicles and foot passengers, keep all dangerous or unsafe places lighted at night from sunset to sunrise, and properly guarded both by day and night." This duty is admitted by the answer, and there can be no doubt that contractors with the state or a municipal corporation who assume, for a consideration received from the granting power, by covenant, expressed or implied, to do certain things necessary for the safety or well-being of the public, are liable, in case of neglect to perform such covenant, to a private action at the suit of the party injured by such neglect, and such contract inures to the benefit of the individual who is interested in its performance. Little v. Banks, 85 N. Y. 258,

263, and authorities there cited. In McMahon v. Railroad Co., 75 N. Y. 231, the court say that a liability may arise "from the defendant's having contracted with the municipality to do, instead of it, the duty which was upon it, to keep the street safe for the passage of the public; and by neglect to do that duty, having given cause of action against the municipality for neglect, then action will be directly against the defendant therefor, instead of first against the municipality, so as to avoid circuity of action." The town of Arrochar, were the accident complained of took place, is a municipal corporation (section 2, Town Law; chapter 20, Gen. Laws); and by section 16 of chapter 19 of the General Laws the town is made liable for "all damages to persons or property sustained by reason of any defect in its highways or bridges, existing because of the neglect of any commissioner of highways of such town." The defendant contracted with the town to keep the highways in a safe and passable condition during the time the work of construction was being carried on, and, in order to show any liability on the part of the defendant to this plaintiff, it is necessary to establish that the work of construction was still under way at the time of the accident. The plaintiff had been with her husband to some kind of an entertainment, and in walking home stepped into a hole near the foot of a telegraph, telephone, or other pole set in the highway. The evidence upon this point is not clear, though the photographs in evidence indicate that the accident occurred at the foot of a telegraph or telephone pole, and not near any pole set by the defendant. This is not, however, controlling, as the contract with the defendant appears to have been broad enough to cover the entire duty of the township, in so far as the condition of the highway was concerned, during the contract period.

The plaintiff was given a judgment upon the trial of the action, and the question before this court upon appeal is whether there was evidence to support the verdict of the jury. Upon this point plaintiff's counsel urges that the defendant cannot be heard upon this appeal, as it failed to make the proper motion at the close of the evidence, and, if this is correct, then the judgment must stand. At the close of plaintiff's evidence counsel for defendant made a motion to dismiss the complaint upon the ground that "there is no proof here of want of contributory negligence on the part of the plaintiff, and of negligence on the part of the defendant, and for the reason that there is no proof here that this accident occurred during the work of construction on the avenue." This motion was denied, the court remarking: "I will take your proof on that subject, and see whether there was any work of construction going on at the time or not." The defendant introduced evidence showing that the work of construction was completed in July, 1896, while the accident occurred in January, 1897, and at the close of the evidence defendant's counsel said: "I will renew the motion to dismiss the complaint for want of proof of absence of contributory negligence on the part of the plaintiff, and that no negligence has been proven on the part of the defendant." This motion was denied, and the defendant excepted.

There was no evidence in the case which would justify the jury

in finding that there was any work of construction going on at the time of the accident. The nearest time fixed at which the plaintiff swore to work of construction was some two months prior to the accident, and this was not clear and distinct, and such as would justify the conclusion that the railroad had not been finished. On the contrary, the defendant's witnesses gave evidence that the road was fully completed in July, six months prior to the happening of the accident. Plaintiff's counsel insists, however, that the defendant, "failing at the close of the case to renew the motion to dismiss the plaintiff's complaint on the ground that there was no proof that the accident occurred during the work of construction, conceded that it was a question for the jury, and waived the exception taken at the close of plaintiff's case." While the rule laid down in the case of Hopkins v. Clark, 158 N. Y. 299, 53 N. E. 27, requires that the motion made to dismiss at the close of plaintiff's evidence shall be renewed before submission of the case to the jury in order to preserve the question of law raised by the objection and exception, we are of opinion that counsel for the defendant has lost none of his rights in the case now before us, because he failed to specify as much in his final motion as was expressed in the motion made at the close of plaintiff's evidence.

This is an action for negligence, and the motion made by the defendant, at the close of the evidence, raised all of the questions involved in an action of this character. The statute makes it the duty of the town to keep the highways in a safe condition, and the defendant owed no duty to the plaintiff, except under the provisions of the contract between the defendant and the town authorities. That contract limited the liability of the defendant for the condition of the highway to the time that the work of construction should continue. An essential element of the defendant's negligence, therefore, was the condition of the work upon the defendant's railroad. If that was completed at the time of the accident, so that the town had resumed its responsibility for the condition of the highway under the law, then there was no negligence on the part of the defendant; and this question was fully raised when defendant's counsel renewed the motion made at the close of plaintiff's evidence, that there was no proof of absence of contributory negligence on the part of the plaintiff, and that no negligence has been proven on the part of the defendant.

If, at the close of plaintiff's evidence, there was no evidence that the railroad of the defendant was not completed, and that the work of construction was under way at the time of the accident, the plaintiff had failed to establish the facts necessary to constitute her cause of action. There was no evidence of this character to be found in the case, and it was error not to have granted the motion to dismiss the complaint. At the close of defendant's evidence, not only was there no evidence to support the plaintiff's contention, but there was uncontradicted evidence that the work of construction had been completed some six months before, and the road had been in actual operation for several months. Defendant's motion to dismiss the complaint having been renewed at the close of the evidence, and no evidence having been developed to meet the defects in plaintiff's case,

there was no question to be submitted to the jury, and the defendant was entitled to a dismissal of the complaint.

The judgment and order appealed from should be reversed, and a new trial granted, costs to abide the event. All concur.