SWART v. JUSTH.*

---

NEGLIGENCE; MASTER AND SERVANT; INSTRUCTIONS TO JURY.

1. Where, in an action against the owner of a building to recover damages for personal injuries received by the plaintiff by having been struck by old materials thrown from the roof of the building by a contractor with the owner for repairs, after the completion of the contract, one of the issues is whether the contractor had undertaken the removal of the old materials at the request, or by direction, of the owner,— a charge to the jury is correct which tells them that, if so, then the contractor was acting as the agent or employee of the defendant in such manner as to render the defendant liable for his negligent performance, whether he himself was present and in actual direction of the work, or not.

---

*Master and Servant—Independent Contractor.*—As to the liability of employers for torts of independent contractors, see the complete presentation of the authorities in the following editorial notes relating to all phases of the subject: General rule as to absence of liability of employer for torts of independent contractor, note to *Salliotte* v. *King Bridge Co.* 65 L. R. A. 620; persons deemed to be independent contractors within meaning of rule, note to *Richmond* v. *Sitterding,* 65 L. R. A. 445; liability of employer for acts of independent contractor where injury is direct result of work contracted for, note to *Thomas* v. *Harrington,* 65 L. R. A. 743; liability of employer for injuries caused by the performance of work by independent contractor which is dangerous unless certain precautions are observed, note to *Jacobs* v. *Fuller & H. Co.* 65 L. R. A. 833; liability of employer for acts of independent contractor where injuries result from nonperformance of absolute duties of employer, note to *Anderson* v. *Fleming,* 66 L. R. A. 119; liability of employer for injuries resulting from the performance of work by independent contractor where employer's own act is the proximate cause of the injury, note to *Louisville & N. R. Co.* v. *Tow,* 66 L. R. A. 941.

2. And an instruction in such a case, in the charge to the jury, is also correct, which is to the effect that, if the contract for repairing had been completely performed, and the contractor had become the owner of the old material by gift of the owner of the building, and in its removal acted for himself alone without any direction from the defendant, then the defendant would not be liable for the contractor's negligence in removing his own property in his own way.

No. 1417.   Submitted January 18, 1905.   Decided February 7, 1905.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia upon a verdict of a jury in an action to recover damages, for personal injuries.

*Affirmed.*

The COURT in the opinion stated the case as follows:

This is an action to recover damages for personal injuries sustained by the plaintiff, Frank B. Swart, through the negligent acts of the servants and agents of the defendant, Joseph S. Justh. The declaration is in the ordinary form, and issue was joined on defendant's plea of not guilty.

The evidence is recited as follows in the bill of exceptions:

"Be it remembered, that on the trial of this cause the plaintiff, in order to maintain the issues on his part joined, gave proof tending to show that the defendant on the 15th day of March A. D. 1902, and for some time prior thereto, was the owner of premises known as 1805 Fourteenth street, northwest, in the city of Washington, in the District of Columbia; that prior to said 15th day of March the defendant had leased the same to Barnet H. Swart, and that the said Barnet H. Swart was on the said last-mentioned day, and for some time prior thereto, occupying the same under the said lease, and conducting thereon the flour and feed business; that upon said premises and in the rear thereof there was a stable opening into an alley, which said stable abutted upon said alley; that said Barnet H. Swart used said stable for the accommodation of his horses and wagon, and that his agents and servants were accustomed to pass to and fro, in and upon said alley, for the purpose of gaining access and de-

parting from said stable; that the plaintiff on the said 15th day
of March, and prior thereto, was employed by the said Barnet
H. Swart as manager and solicitor of aforesaid business, and
in the performance of his duties as such he was compelled to be
in and upon said premises and in and upon said alley in
proximity to said stable; that prior to said 15th day of March,
complaint was made to the said defendant of the condition of
the roof of said premises, and he was requested to repair the
same, and that a few days prior to the said 15th day of March
the defendant sent a certain Charles A. Leaman to said premises
to repair said roof; that on the said 15th day of March, said roof
having been repaired by said Leaman, the defendant appeared
upon said premises with the said Leaman and with a certain Mr.
Limpert, and requested permission to go upon the roof of said
premises where said repairing had been done, which permission
was given to him by William Ray, an agent of the said Barnet
H. Swart; that the defendant accompanied by the — Leaman
and Limpert went upon the said roof and directed them to re-
move certain *débris* lying upon said roof, consisting, among
other things, of a number of heavy boards about 6 feet long and
4 feet wide, covered with tin and weighing about 500 pounds,
which had been created in the repair of said roof and left there-
on; that later in the said day the said Leaman and Limpert by
way of removing said boards and tin shoved the same from said
roof down upon the plaintiff, who in the proper performance of
his duties as manager for the said Barnet H. Swart was then in
and upon said alley; that the plaintiff was not aware of the
presence of the said Leaman and Limpert upon said roof, and
that the said Leaman and Limpert gave no warning before shov-
ing said board and tin from said roof, and that the said Leaman
and Limpert could have seen the plaintiff before they shoved
said tin and boards from said roof had they looked; that the
plaintiff's foot was fractured by the said tin and boards striking
him as aforesaid and his head lacerated and other damage done
him.   The defendant offered evidence tending to show that he
contracted with the said Leaman for putting a skylight on said
roof at a cost of $6, and that prior to the said 15th day of March,

he had settled with the said Leaman, who had completed his contract with him; that thereafter on the morning of the 15th Leaman came to the defendant and said to him, 'I would like to have that material on the roof that was left there,' and the defendant said to him: 'You may;' that thereafter the said Leaman, together with the said Limpert, by way of removing said *débris,* threw the same from the roof; that the defendant did not accompany them thereon, and gave no directions at any time as to the removal of said *débris,* and did not know that the accident had happened until several days thereafter; that said *débris* weighed about 50 pounds and was removed in a one-horse dayton wagon. This was the substance of all the evidence offered."

No special instructions were asked by either party, and this evidence was submitted to the jury upon a charge, to which the plaintiff excepted specially. A verdict having been returned for the defendant, the plaintiff has appealed from the judgment entered thereon.

*Mr. Arthur Peter* and *Mr. Preston B. Ray* for the appellant.

*Mr. L. Cabell Williamson* for the appellee.

Mr. Chief. Justice SHEPARD delivered the opinion of the Court:

The evidence recited does not warrant an inference that Leaman's contract to put in the skylight covered also the removal of the *débris* occasioned by its construction. Nor does it appear therefrom that the defendant was under any obligation to his tenant, or to anyone else, to remove from the roof of the building the old material left there after the completion of the work contracted for. Hence no question arose as to the liability of defendant, as the owner of the building, for injuries resulting directly from acts which the contractor was authorized or required to do, as in *St. Paul Water Co.* v. *Ware,* 16 Wall. 566, 576, 21 L. ed. 485, 488, and other like cases.

But two material issues were presented by the evidence. The

first was, whether, after the completion of his contract for the construction of the skylight, Leaman had undertaken the removal of the old material at the request, or in obedience to the directions, of the defendant. If so, the jury were correctly charged that he was acting as the agent or employee of the defendant in such manner as to render the latter liable for his negligent performance, whether or not he had himself been present and in actual direction of the work.

The second was whether, Leaman's contract having been completely performed, he became the owner of the old material by gift of the defendant, and in its removal acted for himself alone without any direction from the defendant. If they should so find from the evidence, then the jury were properly instructed that the defendant would not be liable for Leaman's negligence in removing his own property in his own way.

Had the gift to Leaman been coupled with the requirement of removal, then defendant might have been liable for his acts. *Burke* v. *Shaw,* 59 Miss. 443, 42 Am. Rep. 370. But there is nothing in the evidence warranting the application of the principle of that case, by way of instruction to the jury, and there is no occasion either to affirm or deny it.

Having found no error in the charge of the court, the judgment must be affirmed with costs; and it is so ordered.

*Affirmed.*