BERGSTROM v. MELLEN et al.

No. 3470. Decided September 10, 1920. (192 Pac. 679.)

1. DAMAGES—VALUE OF USE OF AUTOMOBILE MAY BE RECOVERED. In an action for damages to an automobile, the reasonable value of the use of the car in plaintiff's business, of which use he was deprived by the injury complained of, may be recovered.

2. APPEAL AND ERROR—AUTHORIZING DAMAGES NOT SUPPORTED BY
EVIDENCE HELD CURED BY VERDICT. Error in permitting re-
covery of the use value of an injured automobile, when there
was no evidence of such value, does not require a reversal,
where the verdict was for less than the damages to the mar-
ket value as shown by competent testimony, so that it indicates
the jury allowed nothing for loss of the use of the car.

Appeal from District Court, Third District, Salt Lake
County; *J. Louis Brown,* Judge.

Action by Mack Bergstrom against J. W. Mellen and an-
other. Judgment against defendant Mellen, and he appeals.

AFFIRMED.

*Stewart, Stewart & Alexander,* of Salt Lake City, for ap-
pellant.

*Booth, Lee, Badger & Rich,* of Salt Lake City, for re-
spondent.

*Bagley, Fabian, Clendenin & Judd,* of Salt Lake City, for
defendant Utah Light & Traction Co.

WEBER, J.

This is an appeal from a judgment awarding plaintiff dam-
ages for injuries to his automobile. The case is controlled
by the decision in *Metcalf* v. *Mellen,* 192 Pac. 676, just de-
cided.

The evidence is substantially the same as that in the Met-
calf Case, and the issues are the same; the only additional
assignment of error by appellant being that in the instruction
regarding the measure of damages the jury were in-
formed that the plaintiff was entitled to recover "the
reasonable value of the use of said car in the business
of the plaintiff of which use, if any, he was deprived by the

injuries complained of.'' The law was correctly stated in the instruction.

The appellant calls attention to the fact that the evidence did not show that plaintiff's business as a salesman was interfered with, or that he suffered any damage by reason of being deprived of the use of the car, or that he personally was required to pay any money whatsoever in hiring another car. Respondent paid $125 to have his car repaired. It was shown that the car did not run after the accident as well as before. A competent witness testified that an accident by which the engine and vital machinery of an automobile are injured would depreciate the selling price of the car forty per cent. after all possible repairs had been made and that respondent's car was worth $900 to $1,000 before the accident and $650 after all repairs had been made. The verdict was for $275.

The instruction should not have submitted to the jury an issue of the value of the use of the car, because there was no testimony upon that subject; but we do not think the jury could have been misled in any manner by this instruction. The verdict itself clearly indicates that the jury allowed nothing for the loss of the use of the car. The error was not prejudicial, and it was properly disregarded by the trial court when overruling the motion for a new trial.

The judgment is therefore affirmed, with costs.

CORFMAN, C. J., and FRICK, GIDEON, and THURMAN, JJ., concur.