METCALF v. MELLEN et al.

No. 3469. Decided September 10, 1920. (192 Pac. 676.)

1. NEGLIGENCE—COMPLAINT STATING FACTS SUFFICIENT, WITHOUT CHARACTERIZING ACTS. A complaint stating facts from which negligence is necessarily inferred is sufficient to charge common-

law negligence, though it does not use the words carelessly or negligently.

2. HIGHWAYS—PAVING CONTRACTOR LIABLE IN TORT FOR INJURIES BY BREACH OF HIS CONTRACT TO PROTECT PUBLIC. A paving contractor, who agreed with the highway commission that he would guard unsafe places near the work and do all other things necessary to prevent accidents, is liable in tort to an automobile driver, whose machine was damaged because of the paving contractor's breach of his contract in that respect.

3. HIGHWAYS—ACCEPTANCE OF PART OF PAVING NO DEFENSE FOR FAILURE TO PROTECT CROSSING. The fact that the road commission had accepted the paving on one side of the street at the crossing where the accident happened, and had opened the road to the public, is no defense to the contractor who was still in charge of work at that crossing, and whose failure to maintain guards as he agreed resulted in the injury to plaintiff's automobile.

4. DAMAGES—DEPRECIATION OF AUTOMOBILE AFTER REPAIRS ALLOWABLE. In an action for damages to an automobile, plaintiff, being entitled to recover the difference in the market value of his automobile immediately before and immediately after the injury, can recover, not only the reasonable cost of repairs, but also any depreciation in market value after repairs were completed.

Appeal from District Court, Third District, Salt Lake County; *J. Louis Brown*, Judge.

Action by James Metcalf, Jr., against J. W. Mellen and another. Judgment for plaintiff against the named defendant, and that defendant appeals.

AFFIRMED.

*Stewart, Stewart & Alexander*, of Salt Lake City, for appellant.

*J. H. Stockman*, of Portland, Ore., and *Van Cott, Riter & Farnsworth*, of Salt Lake City, for respondent.

*Bagley, Fabian, and Clendenin & Judd*, of Salt Lake City, for defendant Utah Light & Traction Co.

WEBER, J.

Plaintiff brought suit against defendants to recover damages to his automobile and to those of three others whose causes of action were assigned to him. The court granted a motion for nonsuit made by the defendant Utah Light .& Traction Company. The jury's verdict was in favor of plaintiff on each of the four causes of action. The defendant Mellen appeals.

In the first cause of action it is alleged in substance:

"That on or about the 14th day of May, 1917, the crossing at State street and Twenty-First South street, formerly Twelfth South street, Salt Lake county, Utah, an intersection of much-used and main thoroughfares was and had been permitted to remain in the dangerous condition hereinafter described. On each side of the street, near the center of said street running north and south, are the car tracks above described. Between the outer edge of each car track and the curb line of said street, said State street was being excavated and cement paving laid by the defendant J. W. Mellen. That at said intersection, at the time of said accident hereinafter set forth, and for several weeks prior thereto, the road between the car track and curb line had been excavated to a depth of about twenty inches. That on the west side the road had been graded, sloping from the curb to the higher level of the car tracks and on the east side of the east car track there was a sheer drop of twenty inches. That by reason of the condition of the street above described, a person driving an automobile along said Twenty-First South street, eastward from Main street, could drive to and upon said car tracks, but could not observe that a sheer drop had been made, creating a dangerous pitfall, so that in attempting to drive from Main street to Second East Street, along said street, a driver had no notice of said sheer drop and pitfall at said intersection. That there were no barricades, lights, or warnings to caution or warn a person of impending danger. That said excavation was made by said J. W. Mellen, and no barrier or warning was constructed by him, although he had contracted and agreed with the state road commission of the state of Utah to erect and maintain good and sufficient guards, barricades, and signals at all unsafe passage-ways at all crossings, crosswalks, and street intersections, and to do all other things to prevent accidents or loss of any kind, that said covenants on the part of the said J. W. Mellen were a part of the contract under and by which said excavation and paving along said street was being done, and that said J. W.

Mellen agreed and covenanted with the state road commission to take such steps and precautions as were necessary in every manner to protect the public from any dangerous conditions arising out of or incidental to said improvement of said street.

"That on the 14th day of May, 1917, the plaintiff was driving a car with due diligence and care eastward along Twenty-First South street, and drove up onto and upon the street car tracks, and the street being apparently open for traffic along east and west of said street, and no barrier, guard, watchman, or other warning being present to warn the plaintiff, he drove his automobile to and upon said car tracks, and was unable to observe the defect in said road until it was too late to avoid the front wheels of said automobile going down said embankment and pitfall, and thereby damaging the crank shaft, engine casing, and mechanism connected therewith, and disabling said automobile, so that plaintiff was deprived of the use thereof for two days."

With the exception of the amount of damages and date of accident, the three assigned causes of action are based upon substantially the same facts set out in the first cause of action of plaintiff's complaint.

In his answer the appellant admitted that prior to the 14th day of May, 1917, he had been laying a cement pavement at or near the intersection on State street under a contract with the state road commission of the state of Utah. All other allegations of the complaint were denied. Appellant also pleaded contributory negligence on the part of plaintiff.

It is not necessary to review the evidence. It is sufficient to say that plaintiff's evidence fully justified the court in submitting each cause of action to the jury, and that the evidence on the principal issues was conflicting.

Appellant contends that the complaint does not allege negligence or wrongful or unlawful conduct on the part of Mellen, or a failure of Mellen to properly warn the public of the approaching danger on the streets where Mellen was doing the work; that no common-law duty on the part of Mellen is asserted or alleged, but that, on the contrary, the complaint alleges a breach by Mellen of a contract between him and the state road commission, and then alleges that by reason of his failure to perform the terms and conditions of

that contract the injuries claimed resulted and liability as against Mellen was fixed. The complaint contains a full, clear, and concise statement of facts, and, aside from the contract, negligence is necessarily inferred from the facts stated. The complaint is without surplusage, but it is in every way complete, and contains sufficient allegations of fact to charge both common-law and contractual negligence. The words "carelessly" and "negligently" do not occur in the complaint, but the facts pleaded are sufficient to charge negligence on the part of Mellen, who was an independent contractor. The record, however, indicates that the case was tried upon the theory that the suit was based upon tort growing out of a breach of contract.

Citing *Styles* v. *Long*, 67 N. J. Law, 413, 51 Atl. 710, it is urged that—

"In order to maintain an action of tort for breach of a contractual duty, the plaintiff must have the same status under the contract as would entitle him to maintain an action upon contract for a breach of its stipulations," and "where a contract is made by a public corporation for the construction of a public work, and incidentally contains stipulations intended for the safety of the public, an individual, who sustains personal injuries by reason of the nonperformance of such stipulations does not bear such a relation to the contractor as will support an action of tort against the latter, based upn a mere violation of contractual duty."

The provisions of the contract between Mellen and the state road commission are in part:

"The contractor shall erect and maintain good and sufficient guards, barricades, and signals at all unsafe places at and near the work and shall in all cases maintain a safe passageway at all road crossings, crosswalks, and street intersections, and shall do all other things necessary to prevent accident or loss of any kind. * * * The contractor shall be liable for all damage done to water or other pipes, flumes, poles, or conduits, or other property owned by any person or corporation other than Salt Lake county."

Except those of New Jersey, the courts have held that such contracts inure to the benefit of any one of the public who is injured by the negligent failure of the contractor to take those precautions which he agreed to take for the protection of the public. The contract is a measure of the con-

tractor's duty. If he assumes a responsibility broader than that of his common-law liability for negligence, he becomes liable for torts arising out of a breach of such duty which are the proximate cause of injury to third persons.

*McMahon* v. *Second Avenue Railroad Co.*, 75 N. Y. 231, was a case wherein the railroad company had contracted with New York City to pave the streets upon which its tracks rested and to keep the same in repair. A trench had been dug across the street and under defendant's tracks, and the defendant took up the pavement and laid planks over the excavation. The plaintiff was injured in driving over the planks, and the court held that the defendant was liable on two theories: (1) Because of its contract with New York City; and (2) because it had negligently maintained the structure over the trench. In the opinion the court, inter alia, said:

"A liability may arise in two ways: First, from the defendant's having contracted with the municipality to do, instead of it, the duty which was upon it, to keep the street safe for the passage of the public; and by neglect to do that duty, having given cause of action against the municipality for neglect; then action will be directly against the defendant therefor, instead of first against the municipality, so as to avoid circuity of action (*City of Brooklyn* v. *Brooklyn City R. R.*, 47 N. Y. 475); and, second, from the defendant's voluntarily interfering and undertaking to make the way safe, and so inefficiently doing it as to leave it unsafe, and, at the same time, so as to permit and tempt passage over it.

"For the purpose of showing the first named of these grounds of liability, a contract was put in evidence, between the defendant and the municipality, by which the defendant agreed to keep the streets in and about the rails in repair. * * * There was then the duty upon the defendant, to the public and to this plaintiff, to keep the street in repair, just at the place where his wheels went down, or to warn away therefrom. * * * There was no error in admitting in evidence the agreement between the defendant and the municipality. That was material and proper, to show that there was undertaken by the defendant the duty which lay primarily upon the city to give the public, and the plaintiff, as one thereof, a safe passage through the thoroughfares. The reception of the agreement in evidence did not change the cause of action from one arising in tort to one based upon contract. It showed the duty of the defendant, and made applicable the other facts of

the case, to show its negligence of duty, wherein it was tortious."

The respondent cites the following cases and authorities which support the general doctrine: *Cook* v. *Dean,* 11 App. Div. 123, 42 N. Y. Supp. 1040, affirmed in 160 N. Y. 660, 55 N. E. 1094; *Robinson* v. *Chamberlain,* 34 N. Y. 389, 90 Am. Dec. 713; *Baumgartner* v. *City of Mankato,* 60 Minn. 244, 62 N. W. 127; *Ober* v. *Crescent City R. Co.,* 44 La. Ann. 1059, 11 South. 818, 32 Am. St. Rep. 366; *Casement* v. *Brown,* 148 U. S. 623, 13 Sup. Ct. 672, 37 L. Ed. 582; *St. Paul Water Co.* v. *Ware,* 16 Wall. 566, 21 L. Ed. 485; *Phinney* v. *Boston El. Co.,* 201 Mass. 286, 87 N. E. 490, 131 Am. St. Rep. 400; *Jenree* v. *Metropolitan Ry. Co.,* 86 Kan. 479, 121 Pac. 510, 39 L. R. A. (N. S.) 1112, Ann. Cas. 1913C, 214; *Wade* v. *Gray,* 104 Miss. 151, 61 South. 168, 43 L. R. A. (N. S.) 1046; *Sullivan* v. *Staten Island El. Ry. Co.,* 50 App. Div. 558, 64 N. Y. Supp. 91. See also *Alameda County* v. *Tieslau* (Cal. App.) 186 Pac. 398, notes 39 L. R. A. (N. S.) 1112, 49 L. R. A. (N. S.) 1167, Ann. Cas. 1913C, 214.

In the light of the above authorities, and upon principle, we conclude that a case was stated and proved against appellant, based upon his common-law liability for negligence, and also upon the tort arising from the breach of the contract, in which he assumed duties and obligations that he has no right to repudiate when his negligent failure to comply with and observe them has resulted in injury and damage to the property of respondent and that of his assignors.

Error is assigned because the court refused to instruct the jury that, if they found Mellen had completed the pavement on the east side of State street at the intersection where the accident occurred, and that the state road commission had accepted the work and had opened that portion of the street to traffic, and had assumed supervision thereof, then the defendant Mellen would not be liable for any injuries which might result by reason of the condition of the street on the east side at the intersection. The evidence established that the crossing was in a dangerous condition, and that it was in charge of appellant, whose contractual as well as common-law

duty it was to maintain proper guards, barricades, or warnings, and thus protect travelers from the trap existing on the east side of the tracks. Under the evidence the requested instruction would have been misleading and          3
erroneous. The fact that the pavement on the east side of the track had been accepted by the state and was opened for traffic can be of no avail to appellant. The drop on the east side of the tracks was the condition which made the crossing dangerous, and, Mellen being in charge of the crossing, it became his duty, both under the general law and under the contract, to give due warning to the public of that danger.

Appellant contends that the following instruction was erroneous:

"The court instructs you that, in determining the difference in the market value of any such automobile immediately before and immediately after the alleged damage, you may take into consideration the reasonable cost of repairing the alleged damage caused to any such automobile, and any depreciation in market value of any such automobile, due to the alleged damage complained of, after reasonable repairs had been made."

We think the instruction was proper. It is obvious that repairs may not restore a damaged car to the condition in which it was before the damage was inflicted, and          4
that after being repaired the reasonable market value may still be less than before it was damaged. The rule is well stated in *Gilwee* v. *Pabst Brewing Co.*, 195 Mo. App. 487, 193 S. W. 886, in these words:

"Plaintiff was entitled to recover the difference in the reasonable market value of the automobile immediately before the injury and immediately thereafter, the cost of preserving the car, and loss of use, if any, of the car for a reasonable period of time until it could be repaired, or for a reasonable repair bill and the amount, if any, of the deterioration of the repaired car, being the difference in the reasonable market value of the car immediately before the accident and the reasonable market value of the same after it had been repaired, and also for the cost of preserving the car, and for loss of use, if any, of the same for a reasonable period of time while it could have been repaired, but he could not recover for both."

In 4 A. L. R. 1355, the annotator says:

"If, however, the repairs will not accomplish the restoration of the property to its former condition, then their cost, plus the diminution in value of the injured property, will ordinarily be the proper measure of damage"—citing *Cook* v. *Packard Motor Car Co.,* 88 Conn. 590, 92 Atl. 413, L. R. A. 1915C, 319; *Latham* v. *Cleveland, C., C. & St. L. R. Co.,* 164 Ill. App. 559; *Crossen* v. *Chicago & L. Elec. R. Co.,* 158 Ill. App. 42; *Southern R. Co.* v. *Kentucky Grocery Co.,* 166 Ky. 94, 178 S. W. 1162.

Appellant has included other alleged errors in his assignments. These have been given due consideration, but we do not regard them as having sufficient merit to require special notice.

The judgment is affirmed, with costs.

CORFMAN, C. J., and GIDEON and THURMAN, JJ., concur.

FRICK, J.

I concur. I base my concurrence upon the ground, however, that the complaint states a cause of action in tort based upon the negligence of appellant, J. W. Mellen. The negligence consisted in appellant's failure to warn the public against using the highway at the point of the accident. The law imposed upon him that duty. The fact that the duty was also imposed by the contract with the state in no way affected the duty imposed by law. In view that it is clear from the record that the accident was caused through the negligence aforesaid, and that the jury must have so found, the introduction in evidence of appellant's contract with the state could not have resulted in prejudicing his rights.

I am also of the opinion that the court did not err in permitting plaintiff to amend his complaint in increasing the amount of damages claimed. The plaintiff, as assignee, possessed all of the legal rights of the assignors, and it certainly would not have been an abuse of discretion, if the assignors had been permitted to amend their complaints, if they had personally prosecuted the actions.