[Civ. No. 1115. Fourth Appellate District.—September 27, 1934.]

KATIE KARLE, Respondent, v. JAMES A. REED et al., Appellants.

Joe Crider, Jr., Clarence B. Runkle and Harry P. Sweet for Appellants.

Glen H. Munkelt for Respondent.

MARKS, J.—The plaintiff was injured on January 20, 1933, while riding as a passenger of William Gillick in a light sedan, traveling north on the state highway, about one mile south of Laguna Beach. James A. Reed was an employee of Daley Corporation and was acting on his em-

ployer's business and within the scope of his employment in driving a truck at the time of the accident.

The jury returned a verdict against both defendants in the sum of $3,500, which was reduced to $2,500 at the time of the denial of the motion for new trial. This appeal is taken from the judgment, the verdict, and from the order denying the motion for new trial.

At the time of the accident a portion of the highway was under construction by Daley Corporation. This corporation was under contract with the department of public works, division of highways, of the state of California. The road runs in a general northwesterly and southeasterly direction. The paved portion in the center had been completed, but work was being done on the shoulders and on culverts and bridges.

On the day of the accident a cement mixer was standing on the easterly shoulder of the pavement. A coupe was standing on the westerly shoulder. It had been raining and the pavement was wet, and was covered with a thin coating of mud which had been deposited on it by the trucks of Daley Corporation and the elements. The highway from the south approaches the place of the accident, where the cement mixer stood, down a six per cent grade.

When Gillick approached from the south he saw the cement mixer and the coupe, but did not see a truck which was behind it and thus was concealed from his view. He was proceeding at a speed of about twenty miles an hour. When about one hundred feet from the cement mixer he saw the truck back out from behind the coupe and proceed onto the pavement, moving in the direction of the mixer. Gillick applied his brakes lightly to reduce his speed, but as the truck continued to back across the pavement at a speed of two or three miles an hour he applied his brakes as hard as he could in an endeavor to stop. His automobile skidded, two wheels went off the pavement into a mud hole and turned over on its side, its top striking the right front fender of the truck, which had one or both of its front wheels on the pavement with its rear a few feet from the mixer.

■ The plaintiff offered, and the trial court admitted in evidence, section 7 (a) of the contract between the department of public works, division of highways, of the state

of California, which covered the work being done at the place of the accident. This section contained provisions for the convenience and safety of the public traveling the road under construction. Among its provisions was the following: ''The contractor shall station guards or flagmen at his own expense on both sides of equipment or operations in progress, and sufficiently distant therefrom to warn and protect public traffic from injury. Flagmen and guards shall wear red coats and white hatbands with the title 'Flagman' plainly printed on each band. Such coats and hatbands shall be furnished by the contractor at his own expense.'' Defendants objected to the introduction of this evidence upon the ground that it was incompetent, irrelevant and immaterial and did not bind Reed, who was not a signer of the contract. The objection was overruled.

In his instructions to the jury the trial judge read the portion of the contract we have quoted and added the following: ''A failure to perform that part of the contract would be negligence, and that particular negligence would involve only the Daley Corporation, because, of course, Mr. Reed was not involved with that situation or that part of the contract.''

The only grounds for a reversal of the judgment urged by defendants is the ruling of the trial court in admitting in evidence section 7 (a) of the contract and in giving the one instruction we have quoted.

Reed's objection to the admission of the evidence should have been sustained as he was not a party to the contract and could not be bound by any of its provisions. This error was cured by the quoted instruction. There are no other grounds urged by Reed for the reversal of the judgment. Therefore it must be sustained as to him.

■ Defendants urge that their objection to the admission in evidence of the portion of the contract above quoted should have been sustained because the complaint alleged that the negligence of Reed, coupled with the muddy condition of the pavement, was the proximate cause of the accident, without any allegation of the absence of a flagman. From this they argue that the contract pertaining as it did to the absence of the flagman was outside the issues formed by the pleadings.

Plaintiff, in making reply to this argument, says that the very general objection that the evidence was incompetent, irrelevant and immaterial was not sufficient to call the trial court's and counsel's attention to the real ground of the objection, which was that there was a variance between the pleadings and proof. In support of this theory she cites *Boyle* v. *Coast Imp. Co.*, 27 Cal. App. 714 [151 Pac. 25], where it is said: "No objection was made to this testimony by the defendants, except upon the usual general grounds or either on the ground that a proper foundation had not been laid for it or that the questions designed to bring out those facts were leading. And counsel for the defendants went into the question upon cross-examination apparently upon the assumption that the issue was raised or tendered by the pleadings. The objection to the testimony on the general grounds was not sufficient to raise or test the question whether the negligence thus sought to be established was pleaded or made an issue by the pleadings. If counsel were of the opinion that the complaint stated no cause of action, or, if they conceived that the negligence to the proof of which the testimony was directed was not the negligence pleaded and relied upon in the complaint, they should have objected to the evidence upon that specific ground and their failure to do so supplied the deficiency of the complaint in that respect or any omission to allege therein facts essential to the statement of a cause of action." (See, also, *Russell* v. *Ramm*, 200 Cal. 348 [254 Pac. 532].)

Even though we assume that this contention of defendants is sound and that their objection should have been sustained, under the provisions of section 4½ of article VI of the Constitution we cannot reverse the judgment as we are satisfied, after studying the record, that the judgment is supported by the evidence and that there has been no miscarriage of justice. If the judgment were reversed the complaint could be amended before a second trial and with proper amendment the questioned evidence would become admissible. It would seem an idle act to reverse a judgment because of the admission of evidence which would be admissible at the second trial.

Defendants maintain that the judgment must be reversed because of the instruction of the trial judge to the jury

that a failure to perform the portion of the contract which we have quoted would constitute negligence. They cite the following cases in support of this contention: *Styles* v. *F. R. Long Co.*, 67 N. J. L. 413 [51 Atl. 710], *Wymer-Harris Const. Co.* v. *Glass,* 122 Ohio St. 398 [171 N. E. 857, 69 A. L. R. 517], *Lewis* v. *La Nier,* 84 Colo. 376 [270 Pac. 656], and *Davis* v. *Mellen,* 55 Utah, 9 [182 Pac. 920, 7 A. L. R. 1193]. The first three cases cited support the theory of defendants, but the last case gives them little comfort. In this last-cited case it was held that the provisions of the contract in question there were inserted for the protection of the work and not for the safety of the traveling public. The judgment was reversed because the court was of the opinion that the proximate cause of the accident was not the violation of the terms of the contract, but the negligence of others than the contractor.

In the instant case the portion of the contract introduced in evidence was undoubtedly for the protection of the traveling public. The contract was executed in accordance with law by proper officers of the state of California who are given possession and control of state highways, their construction, maintenance and repair, together with the right to execute contracts to carry out these purposes. (Stats. 1907, p. 215, as amended.) The contract was executed by Daley Corporation. This corporation owed the traveling public the common-law duty of protection from injury resulting from its negligence. The contract established a standard of care to be used by the contractor in performing this duty. We can see no reason why the contractor should not be held to this standard of care to which it formerly consented.

In *County of Alameda* v. *Tieslau,* 44 Cal. App. 332 [186 Pac. 398], it is said: "The contract required the obstructions to be guarded or warning lights to be placed. Warning lights were furnished by the defendants, but they were not placed on the continuous rock pile. The defendants, of course, knew the road was open for traffic. The failure to place lights on the road was negligence." The following cases support the rule thus announced: *Metcalf* v. *Mellen,* 57 Utah, 44 [192 Pac. 676]; *Owens* v. *Fowler,* 32 Fed. (2d) 238; *Plater* v. *W. C. Mullins Const. Co.,* 223 Mo. App. 650 [17 S. W. (2d) 658]; *Ulmen* v. *Schwieger,* 92 Mont. 331

[12 Pac. (2d) 856]; *Sullivan* v. *Staten Island Elec. Ry. Co.*, 50 App. Div. 558 [64 N. Y. Supp. 91]; *St. Paul Water Co.* v. *Ware,* 16 Wall. 566 [21 L. Ed. 485]; *Martin* v. *Farr Bros. Co.,* 211 Ill. App. 235; *McMahon* v. *Second Ave. Ry. Co.,* 75 N. Y. 231. In *Sullivan* v. *Staten Island Elec. Ry. Co., supra,* it was said: ''This action was brought and tried upon the theory that the defendant was liable to the plaintiff under a written contract with the local authorities of the township in which its street railroad was constructed, in which it had agreed that, 'during the continuance of such work of construction on said railroad tracks, roadbed, turnout, switches, and connections, to so conduct said work as to at all times leave said streets, roads, and highways, and the sidewalks thereof, in a safe and passable condition for vehicles and foot passengers, keep all dangerous or unsafe places lighted at night from sunset to sunrise, and properly guarded both by day and night'. This duty is admitted by the answer, and there can be no doubt that contractors with the state or a municipal corporation who assume, for a consideration received from the granting power, by covenant, expressed or implied, to do certain things necessary for the safety or well-being of the public, are liable, in case of neglect to perform such covenant, to a private action at the suit of the party injured by such neglect, and such contract inures to the benefit of the individual who is interested in its performance.''

In the instant case it is clear that there was equipment belonging to Daley Corporation at the place of the accident; that the contract provided for flagmen on each side of the work to warn travelers of impending danger; that no flagmen were provided. This evidence was undisputed and constitutes a clear violation of duty by the contractor. The violation of duty being admitted, the negligence was admitted and the trial court properly instructed the jury that the violation of the duty was in itself negligence. The question of whether this negligence was a proximate cause of plaintiff's injury was left to the determination of the jury by proper instruction.

Defendants urge that the instruction told the jury that the watchmen must wear red coats and that it would be negligence for them to wear coats of any other color. This question is not presented as there were no watchmen

stationed along the work. There being none, the color of their clothes became immaterial.

The attempted appeal from the verdict and the order denying motion for new trial is dismissed.

The judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 26, 1934, and the following opinion then rendered thereon:

THE COURT.—The petition for a hearing is denied. In denying a hearing, however, we think that the judgment should be affirmed under the provisions of article VI, section 4½ of the Constitution, and we withhold approval of that portion of the opinion of the District Court of Appeal which deals with the admissibility of the contract provision and the propriety of the instruction of the trial court thereon.